## HOLMES

v.

## OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.

Court of Claims of Ohio.

No. 95-10521.

Decided Feb. 25, 1997.

*John J. Holmes, pro se.*

*Betty D. Montgomery,* Attorney General, and *John P. Reichley,* Assistant Attorney General, for defendant.

LEACH, Judge.

The court conducted a trial on January 13, 1997, on the issues of liability and damages. Plaintiff, John W. Holmes, alleges that defendant, Ohio Department of Rehabilitation and Correction, was negligent in losing his property. Plaintiff further claims that he was defamed by defendant's employees. The court has duly considered the evidence and arguments of counsel and renders the following decision.

In September 1993, while confined at London Correctional Institution ("LOCI"), plaintiff visited Dr. Korn at the institution's infirmary seeking treatment for multiple sclerosis ("MS"). Dr. Korn recommended three substances to plaintiff that could be obtained over the counter, specifically, "Evening Primrose Oil," "CoQ10," and "Fever Few," an herb. Since LOCI did not carry these substances, plaintiff's wife purchased the items and forwarded them to plaintiff. The cost of all three substances amounted to $350.55, plus shipping and handling of $4.95, for a total of $355.50.

In January 1994, prison officials at LOCI packed plaintiff's property and he was transferred to the Orient Correctional Institution ("OCI"). On March 31, 1994, plaintiff suffered an MS attack and was admitted to Frazier Health Center ("FHC"). On the same date, a corrections officer at OCI packed plaintiff's

belongings, including a "bag of medicine" which was directed to be sent to FHC. Upon being released from FHC in May 1994 and returned to OCI, plaintiff discovered that the remaining portions of the Evening Primrose Oil, CoQ10 and Fever Few were missing. Plaintiff testified that he had consumed approximately one-half of the substances prior to his being admitted to FHC. Plaintiff inquired as to the whereabouts of the substances and was informed by defendant that there was no record of him ever having such substances in his possession. Accordingly, after exhaustion of the grievance procedure, defendant found plaintiff's complaint without merit.

This court in *Mullett v. Ohio Dept. of Corr.* (1976), Ct. of Cl. No. 76–0292–AD, unreported, held that defendant does not have the liability of an insurer (*i.e.,* is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property. Defendant has the duty to use the same degree of care it would have in the use of its own property. *Henderson v. S. Ohio Corr. Facility* (1979), Ct. of Cl. No. 76–0356–AD, unreported. Defendant has the duty to use ordinary care in the packing or storing of an inmate's property, even when such packing or storing is due to an inmate's disciplinary confinement. *Gray v. Ohio Dept. of Rehab. & Corr.* (1985), Ct. of Cl. No. 84–01577–AD, unreported.

In this case, the court finds that plaintiff lawfully had Primrose Oil, CoQ10 and Fever Few in his possession at OCI. Based upon a preponderance of the evidence, plaintiff has proven that defendant breached a duty of care to him. As a result of defendant's negligence, plaintiff suffered a monetary loss. However, plaintiff presented no evidence to establish a defamation claim. Therefore, plaintiff's defamation claim is without merit.

Accordingly, plaintiff is entitled to recover the value of his lost property in the amount of $177.75, which represents one-half the total cost of the substances. The court finds that the remaining incidental expenses claimed by plaintiff are not compensable under law.

Consequently, plaintiff is entitled to $177.75 in compensatory damages, plus $25 for the filing fee, but no other damages.

*Judgment accordingly.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.