## In re APPLICATION FOR FORFEITURE OF UNAUTHORIZED ITEMS CONFISCATED FROM INMATES PURSUANT TO AR 5120–9–55.

[Cite as *In re Application for Forfeiture of Unauthorized Items Confiscated from Inmates Pursuant to AR 5120–9–55*, 157 Ohio App.3d 411, 2004-Ohio-2905.]

Court of Appeals of Ohio,
Twelfth District, Madison County.

No. CA2003–05–021.

Decided June 7, 2004.

Alex Penland, petitioner-appellant, pro se.

Jim Petro, Attorney General, and Robert C. Angell, Assistant Attorney General, Corrections Litigation Section, for respondent-appellee Madison Correctional Institution.

Powell, Presiding Judge.

{¶ 1} Petitioner-appellant, Alex Penland, appeals from a judgment of the Madison County Court of Common Pleas denying his motion for relief from judgment in a property-forfeiture case. We affirm the judgment of the trial court.

{¶ 2} Appellant is currently a prisoner at Madison Correctional Institute ("MCI"). He was transferred to MCI from Chillicothe Correctional Institute on February 4, 2003. On arrival at MCI, appellant was told to place all of his personal property into one 2.4–cubic-foot storage box. Appellant felt he was entitled to keep all of his personal property and told MCI officers that someone at Chillicothe Correctional Institute called MCI and verified that he could keep all the personal property he had at the time of transfer. According to MCI, appellant was informed that he was entitled to only 2.4 cubic feet of personal items and was given four opportunities to cooperate with the 2.4–cubic–foot limitation but refused to do so. Finally, appellant's property in excess of the limitation was confiscated.

{¶ 3} MCI filed an "Application for Forfeiture of unauthorized items confiscated from inmates pursuant to [Ohio Adm.Code] 5120–9–55" on April 9, 2003, which included the items confiscated from appellant. The trial court approved the forfeiture on the same day. On April 22, 2003, appellant filed a "Notice of Opposition to Application and Entry for Forfeiture," which the trial court denied.[1] Appellant then filed a motion for relief from judgment pursuant to Civ.R. 60(B). The trial court denied appellant's motion for relief from judgment. Appellant now appeals from the denial of his motion, raising the following three assignments of error for our review:

{¶ 4} Assignment of Error No. 1:

{¶ 5} "The trial court errored [sic] to the prejudice of defendant-appellant by forfeiting property without determining it was contraband."

{¶ 6} Assignment of Error No. 2:

{¶ 7} "The trial court errored [sic] to the prejudice of defendant-appellant by granting forfeiture and refusing to allow defendant-appellant to present his objections and evidence in his favor by overruling all motions."

{¶ 8} Assignment of Error No. 3:

---

1. Appellant also filed complaints in the Court of Claims and in federal court relating to the forfeiture of his property.

{¶ 9} "The trial court errored [sic] to the prejudice of defendant-appellant by accepting an exaggerated response from appellee's [sic] to forfeit legitimately possessed property."

{¶ 10} In Ohio, inmates "may not possess more than 2.4 cubic feet of combined state and personal property unless specifically authorized * * *." Ohio Adm. Code 5120–9–33(B). "Each inmate is responsible for ensuring that his personal property remain in conformity with the foregoing limitations. Property in excess of these limitations will be deemed contraband and disposed of accordingly." Ohio Adm.Code 5120–9–33(D).

{¶ 11} In his first and second assignments of error, appellant contends that the trial court erred by not making a determination that his property was contraband and by failing to hold a hearing on MCI's forfeiture petition. Appellant argues that it is "settled law in Ohio" that the trial court must hold a hearing before any forfeiture. As support, appellant cites R.C. 2925.41 through 2925.45 and R.C. 2933.41 et seq.

{¶ 12} However, the statutes cited by appellant do not apply to the seizure of contraband from inmates. Instead, Ohio Adm.Code 5120–9–55 governs the situation in the case before us. This provision specifically applies to property possessed by Ohio's prison inmates. It differentiates between minor and major contraband, and the distinction "determine[s] the method or manner of disposition of such contraband." Ohio Adm.Code 5120–9–55(A). This section also provides rules for disposition of "valuable contraband." In respect to minor contraband, which includes the items at issue here,[2] it states: "Minor contraband * * * may be destroyed or utilized by the institution for training or other official purposes upon the issuance of an order of forfeiture by the court of common pleas in the county in which the institution is located. The warden may file a petition for forfeiture with the court, asking the order be issued. The petition shall attach a list of the property involved and shall state briefly why the property cannot be returned."

{¶ 13} This section makes a clear distinction between the administrative forfeiture provisions and the forfeiture provisions in the Revised Code. With respect to valuable contraband, Ohio Adm.Code 5120–9–55 provides that the items may be sold pursuant to R.C. 2933.43 or forfeited under the provision discussed above. This section of the Administrative Code is evidence that the

---

2. The items at issue include things such as shampoo, soup, Kool Aid, salt, pepper, cookies, snack cakes, toothpicks, macaroni and cheese, spices, peanut butter, etc. While these items are allowable, they were possessed in excess of the 2.4–cubic–foot limitation, making their quantities and location improper.

drafters of the provision were aware of the separate forfeiture provisions in the Revised Code and chose to make them applicable only in limited circumstances.

{¶ 14} Nothing in this provision requires the common pleas court to make a separate determination that property seized from inmates is contraband, nor does this provision require that a hearing be held on the forfeiture. Thus, we find that the trial court did not err in granting the petition without a separate finding that the items were contraband, nor did the trial court err in failing to hold a hearing. Appellant's first and second assignments of error are overruled.

{¶ 15} In his third assignment of error, appellant contends that MCI's petition was filed in "an exaggerated response" to a penological interest and that the trial court should be required to hold a hearing to determine whether the interest is legitimate.

{¶ 16} The United States Supreme Court has explained the rationale of imposing restrictions on prisoners by stating, "The very object of imprisonment is confinement. Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner." *Overton v. Bazzetta* (2003), 539 U.S. 126, 131, 123 S.Ct. 2162, 156 L.Ed.2d 162. A regulation on a prisoner's rights will be sustained as legitimate if it bears a rational relation to a legitimate penological interest. Id. at 132, 123 S.Ct. 2162, 156 L.Ed.2d 162; *Turner v. Safley* (1987), 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64. Substantial deference is given to the professional judgment of prison administrators, as they have significant responsibility for defining the legitimate goals of the prison and for determining the most appropriate means to accomplish them. *Bazzetta*, 539 U.S. at 132, 123 S.Ct. 2162, 156 L.Ed.2d 162. The burden is not on the state to prove the validity of the regulation, but on the prisoner to disprove it. Id.

{¶ 17} Prison officials have a legitimate interest in maintaining safety and control in the prison. *Shockey v. Winfield* (1994), 97 Ohio App.3d 409, 413, 646 N.E.2d 911. The decision of how much storage an inmate may have must take into account safety and security concerns, and decisions regarding those issues are entitled to deference. *Lyon v. Farrier* (C.A.8, 1984), 730 F.2d 525. Appellant has presented no evidence to disprove the validity of the regulation in general. Instead, he appears to be arguing that although the state may have a legitimate interest in regulating the amount of property an inmate may possess, under the facts of this case, the regulation should not apply.

{¶ 18} Within this assignment of error, and throughout his brief, appellant presents several arguments regarding why he should have been allowed to keep all of the property he brought with him when he was transferred. We find no merit to appellant's various arguments in this regard. The Administrative Code plainly and clearly states that inmates are allowed to possess 2.4 cubic feet of

property. Appellant's property did not meet those limitations. According to MCI staff, he was given the opportunity to choose which items he wanted to keep and to send the remainder to someone outside the prison. Instead, appellant chose to continue to argue that he should be allowed to keep all of his property.

{¶ 19} Finally, we note that appellant argues that he should have been allowed to keep all of his legal material without consideration of the space limitations. There is some discrepancy in the exhibits attached to the parties' briefs as to whether the confiscated material included legal material.[3] However, despite appellant's arguments to the contrary, he does not have an unqualified right to keep all of his legal material in his prison cell.

{¶ 20} Appellant argues that the Ohio Administrative Code and Ohio Department of Rehabilitation and Corrections ("ODRC") policy 204.01 (now 59–LEG–01) both permit the possession of legal material. Ohio Adm.Code 5120–9–55 provides that inmates are permitted reasonable access to legal materials. Likewise, ODRC policy 59–LEG–01 provides that inmates "are permitted to possess a reasonable amount of general and personal legal materials." ODRC 59–LEG–01(E)(1).

{¶ 21} However, this policy also provides that "[g]eneral and personal legal materials shall be maintained within the inmates overall 2.4 cubic feet property limitation as provided in Administrative Rule 5120–9–33 * * *." ODRC 59–LEG–01(E)(2). Furthermore, "[i]f an inmate has personal legal material which exceeds his/her capacity to store in the space allotted, the inmate may request that he/she be permitted to store the excess personal legal materials in a secure location designated by the warden for such purpose." ODRC 59–LEG–01(E)(5). There is no evidence that appellant pursued available remedies to any storage issues with regard to legal materials by requesting additional storage for his legal materials pursuant to this policy.

{¶ 22} Evidence from MCI states that appellant was given numerous opportunities to choose what items he wished to keep, and to send the other items out, but instead appellant chose to continue to insist that he should be allowed to keep all of the items.[4] Thus, we find no merit to appellant's argument that the state did not have a legitimate interest in regulating the amount of property in his cell

---

**3.** On an inventory of items confiscated, it states that the items include "misc. legal work." However, an affidavit from an assistant warden states that an affidavit from another inmate that appellant claims was taken is not in the confiscated property. Interestingly, MCI also contends that various photographs appellant insisted were confiscated were actually found in his cell.

**4.** One report states that appellant was told to chose which items he wanted to keep in his cell, but he refused to do so, stating that if he could not have all of it, then he did not want any of it.

because he had an unqualified right to keep all of his legal material. Appellant's third assignment of error is overruled.

Judgment affirmed.

WALSH and VALEN, JJ., concur.