OPINION
{¶ 1} Ervin Triplett, Jr., plaintiff-appellant, appeals from the judgment of the Ohio Court of Claims, in which the court granted summary judgment to defendant-appellee, Southern Ohio Correctional Facility ("SOCF").
 {¶ 2} Appellant is an inmate at SOCF. On March 31, 2004, the prosecuting attorney of Scioto County filed an application in that county's court of common pleas, seeking to dispose of unclaimed or forfeited property and/or contraband pursuant to R.C. 2933.41(D). Among the items listed in the application were four boxes belonging to *Page 2 
appellant containing miscellaneous property. The boxes were confiscated on March 2, 2004, and were over the 2.4 cubic feet limit imposed at SOCF. On April 1, 2004, the court issued an order to destroy the unclaimed or forfeited property. Subsequently, another inmate informed appellant that his belongings had been destroyed pursuant to the order.
 {¶ 3} On July 27, 2005, appellant filed a complaint in the Court of Claims, seeking monetary damages based upon SOCF's destruction of his personal property without notice. Specifically, appellant alleged tortious interference, civil conspiracy, and constitutional tort. On March 13, 2006, appellant filed a motion for partial summary judgment and/or declaratory judgment, which the court denied on June 7, 2006. On June 22, 2006, SOCF filed a motion for summary judgment, and, on July 21, 2006, appellant filed a motion for summary judgment. The motions were heard before a magistrate and, on October 6, 2006, the magistrate issued a decision recommending that appellant's motion for summary judgment be denied and SOCF's motion for summary judgment be granted. On October 10, 2006, appellant filed a motion for declaratory judgment. Appellant filed objections to the magistrate's decision on October 13, 2006. On December 8, 2006, the court issued a judgment denying appellant's motion for declaratory judgment and overruling his objections to the magistrate's decision. Appellant appeals the judgment of the trial court, asserting the following assignments of error:
 [I.] Defendants Breach the Contract, pursuant to RC § 5120.50, because plaintiff is a prisoner from another state, and is not serving an Ohio prison sentence, therefore, SOCF is bound to comply with the statutory provisions of RC § 5120.50, just as the ODRC must comply with the binding provisions therein.
 [II.] Defendants violate the Bailment, when SOCF's employees seized, forfeited, and destroyed the plaintiff's *Page 3 
lawfully acquired possessions, when plaintiff was in segregation confinement, and ODRC policy specifically stated, the inmate's property "shall be stored by the institution unless the inmate chooses to otherwise dispose of it."
 [III.] Defendant's [sic] exceeded the scope of their authority in contravention to RC § 2933.41, and their court order to destroy plaintiff's legitimately acquired property was void ab initio.
 [IV.] The trial court erred in failing to grant his summary judgment, and/or declaratory judgment, because defendants failed to prove, by a preponderance of the evidence, that plaintiff possessed "contraband" in violation of RC § 2933.41, and in violation of RC § 5120.50.
 [V.] The trial court erred by failing to find that plaintiff has a right to reasonable notice of final appealable orders, and is a denial of plaintiff's right to legal redress of injuries under Moldovan v. Cuyahoga Cty. Welfare Dept. (Ohio 1986), 25 Ohio St. 3d 293, 296, and Robinson v. Hanrahan, 409 U.S. 38, 40, 93 S.Ct. 30, 31 (1972).
 {¶ 4} Appellant argues in his assignments of error that the trial court erred in granting SOCF's motion for summary judgment. When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. Franks v. The LimaNews (1996), 109 Ohio App.3d 408. Civ.R. 56(C) provides that, before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the non-moving party, that conclusion is adverse to the non-moving party.State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra. *Page 4 
 {¶ 5} In his first assignment of error, appellant contends that the trial court erred when it failed to find that SOCF is bound to comply with the statutory provisions of R.C. 5120.50, which addresses the Interstate Correction Compact ("compact"). The compact sets forth the terms of the agreement between member states for the confinement of inmates of one state in the correctional institutions of another state. Appellant points to R.C. 5120.50(C)(2), (G), and (K) to argue that the statute confers on him rights, as an inmate convicted in another state but serving in Ohio, to lawful possession of his property under SOCF's policies. However, even if appellant is an inmate serving in Ohio under the compact, we fail to see the applicability of this statute to the circumstances of this case. Subsection (C)(2) addresses the substance of any contract between two party states that are part of the compact and does not grant the inmates any particular rights. Subsection (G) indicates that the compact will enter into force when enacted into law by any two party states, but it does not confer any specific rights upon inmates. Subsection (K) provides that the director of the department of rehabilitation and correction is authorized to do all things necessary to carry out the compact. Appellant fails to explain any applicability of these provisions to the present case. Therefore, we find that, even if appellant was sent to Ohio under the compact created by R.C. 5120.50,5120.50 provides no viable grounds for a cause against SOCF under the current circumstances. Appellant's first assignment of error is overruled.
 {¶ 6} As appellant's second and fourth assignments of error are related, we will address them together. Appellant argues in his second assignment of error that the trial court erred in failing to find that SOCF violated its bailment duty and its duty of ordinary care with respect to the four boxes when it destroyed the property. Appellant argues in his *Page 5 
fourth assignment of error that SOCF failed to prove that the seized boxes were contraband. Initially, we note that the Court of Claims does not act as an appellate court, and appellant cannot collaterally attack the decision of the Scioto County Court of Common Pleas by claiming error by the trial court in his Court of Claims action. However, insofar as appellant's arguments herein might be read to constitute negligence or contract claims against SOCF, we will address them.
 {¶ 7} The Court of Claims has addressed numerous cases involving inmates' property. SOCF does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but it does have the duty to make reasonable attempts to protect such property. See Holmes v. Ohio Dept. of Rehab. Corr. (1997), 86 Ohio Misc.2d 21,23, citing Mullett v. Dept. of Corr. (1976), Ct. of Cl. No. 76-0292-AD. When prison authorities obtain possession of an inmate's property, a bailment relationship arises between the correctional facility and the inmate. Nadalin Co. v. Administrator Bur. of Emp. Srvc. (Dec. 12, 2000), Franklin App. No. 99AP-973, citing Bacote v. Ohio Dept. of Rehab. Corr. (1988), 61 Ohio Misc.2d 284, 286. By virtue of this relationship, SOCF must exercise ordinary care in handling and storing appellant's property. See Armor v. North Cent. Correctional Inst. (1997),91 Ohio Misc.2d 54, 56. However, a correctional institution cannot be held liable for the loss of contraband property that an inmate has no right to possess. Beaverson v. Dept. of Rehab. Corr. (1988),61 Ohio Misc.2d 249, 250.
 {¶ 8} In the present case, appellant submitted a copy of an internal policy from the Ohio Department of Rehabilitation and Correction ("ODRC"), to which appellant was subject. Section VI(A)(3) indicates that an inmate may possess up to 2.4 cubic feet of *Page 6 
combined state and personal property. Section VI(A)(5) provides that any property that exceeds the limits in (A)(3) is deemed "contraband" and "will be" disposed of in accordance with Ohio Adm. Code 5120-9-55. Ohio Adm. Code 5120-9-55 provides that items possessed in excess of quantities permitted are deemed "minor contraband" and, if valued over $100, may be destroyed upon the issuance of an order of forfeiture by the court of common pleas in which the institution is located. Appellant attached to his complaint herein a March 31, 2004 application filed in the common pleas court of Scioto County, where SOCF is located, to dispose of forfeited property and/or contraband, which included appellant's four boxes that were "over 2.4 cu. ft. limit." Appellant also attached an April 1, 2004 order permitting SOCF to destroy the property. Therefore, because the boxes were over the 2.4 cubic foot limit, they were "contraband" and could be destroyed pursuant to the valid court order. Consistent with Ohio Adm. Code 5120-9-55, SOCF exercised the proper level of care, and appellant can have no claim for loss of property. Appellant's second and fourth assignments of error are overruled.
 {¶ 9} Appellant argues in his third assignment of error that SOCF exceeded the scope of its authority when it destroyed his property. Appellant maintains that SOCF was required to dispose of an inmate's property pursuant to the Ohio Administrative Code, not R.C.2933.41(D)(8), which was cited in the application to the Scioto County Court of Common Pleas. One Ohio appellate court, in In re Applicationfor Forfeiture of Unauthorized Items Confiscated from Inmates Pursuantto AR 5120-9-55, 157 Ohio App.3d 411, 2004-Ohio-2905, at ¶ 12, has held that R.C. 2933.41 does not apply to the seizure of contraband from inmates, under circumstances similar to those in the present case. That court concluded that Ohio Adm. Code 5120-9-55 applies in such cases. In *Page 7 
addition to the distinctions between R.C. 2933.41 and Ohio Adm. Code5120-9-55 pointed out in In re Application for Forfeiture ofUnauthorized Items Confiscated from Inmates Pursuant to AR5120-9-55, we would also note that R.C. 2933.41(D)(8) does not include destruction of inmates' property as one of its disposal options, while Ohio Adm. Code 5120-9-55 specifically indicates that minor contraband may be destroyed.
 {¶ 10} In the present case, notwithstanding that SOCF, acting through the local prosecuting attorney, cited R.C. 2933.41(D)(8) in the application submitted to the common pleas court, we find its citation to that section immaterial. Ohio Adm. Code 5120-9-55 merely indicates that contraband may be destroyed upon the issuance of an order of forfeiture by the court of common pleas in which the institution is located, and it does not specify any procedures or requirements for obtaining such court order. SOCF received a forfeiture order from the common pleas court permitting it to destroy appellant's contraband and, thus, SOCF clearly complied with the general requirements of Ohio Adm. Code 5120-9-55. Accordingly, we cannot find the Court of Claims erred in granting summary judgment on this issue, and appellant's third assignment of error is overruled.
 {¶ 11} Appellant argues in his fifth assignment of error that the Court of Claims erred when it failed to find that his constitutional right to due process was violated when he was not given notice of the forfeiture proceeding and forfeiture order. Apparently, appellant seeks damages as a result of these alleged constitutional violations. Initially, we note that, in In re Application for Forfeiture ofUnauthorized Items Confiscated from Inmates Pursuant to AR5120-9-55, supra, the inmate was given no notice of the forfeiture proceeding in the common pleas court, and the court did not hold a hearing. The court, in In re Application for Forfeiture of UnauthorizedItems Confiscated from Inmates *Page 8 
 Pursuant to AR 5120-9-55, concluded that nothing in Ohio Adm. Code5120-9-55 requires such. Id., at ¶ 14. Notwithstanding, in the present case, it is clear that the Court of Claims did not possess jurisdiction to preside over the claims appellant raises herein. The state has consented to be sued in the Court of Claims in accordance with the same rules applicable to private persons. Because a private party cannot be held liable for the constitutional claims contained in appellant's complaint, said claims are not within the jurisdiction of the Court of Claims. Bleicher v. Univ. of Cincinnati College of Med. (1992),78 Ohio App.3d 302 (claims of constitutional violations and due process are not within the jurisdiction of the Court of Claims); Gangale v. State Bur.of Motor Vehicles, Franklin App. No. 01AP-1406, 2002-Ohio-2936;Thompson v. Southern State Comm. College (June 15, 1989), Franklin App. No. 89AP-114. Thus, we find the Court of Claims was without jurisdiction to address appellant's due process claim. For this reason, appellant's fifth assignment of error is overruled.
 {¶ 12} Accordingly, appellant's first, second, third, fourth, and fifth assignments of error are overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
 BRYANT and TYACK, JJ., concur. *Page 1