{¶ 10} I agree that the judgment of the Ohio Court of Claims should be affirmed but for reasons different than those expressed in the majority opinion. Interpreting appellant's pro se complaint generously, his claims against the State Public Defender seem to be based on three theories: (1) alleged criminal conduct; (2) legal malpractice; and/or (3) constitutional violations. All three of appellant's assignments of error essentially address the merits of his underlying legal theories. For the following reasons, the Ohio Court of Claims did not err in dismissing appellant's complaint.
 {¶ 11} First, to the extent appellant's claims allege that appellee committed criminal violations, the Ohio Court of Claims properly dismissed the complaint. As appellee points out, the Ohio Court of Claims has exclusive original jurisdiction over only civil actions against the state permitted by waiver of immunity contained in R.C. 2743.02. Troutman v. Ohio Dept. of Rehab. Corr., Franklin App. No. 03AP-1240, 2005-Ohio-334. The Ohio Court of Claims does not have jurisdiction to adjudicate alleged criminal violations.
 {¶ 12} Second, to the extent that appellant asserts claims against appellee for legal malpractice, the claims are time-barred. An action for legal malpractice brought in the Ohio Court of Claims must be brought one year after the cause of action accrued. R.C. 2743.16(A);2305.11(A). Appellant alleges that negligent conduct occurred on "August 20, 23, 2005." (Amended Complaint at ¶ 10.) Thus, appellant would have had to file this action on or before August 23, 2006. Appellant filed this action on September 14, 2007. Therefore, appellant's legal malpractice claims are clearly time-barred and the Ohio Court of Claims did not err in dismissing them. *Page 4 
 {¶ 13} Lastly, to the extent appellant asserts claims for alleged constitutional violations, the Ohio Court of Claims properly dismissed the complaint. Suits for alleged constitutional violations are not actionable in the Ohio Court of Claims. Triplett v. S. Ohio Corr.Facility, Franklin App. No. 06AP-1296, 2007-Ohio-2526, citingBleicher v. Univ. of Cincinnati College of Med. (1992),78 Ohio App.3d 302, 306; Burkey v. Southern Ohio Corr. Facility (1988),38 Ohio App.3d 170.
 {¶ 14} For these reasons, I would overrule appellant's three assignments of error and affirm the judgment of the Ohio Court of Claims. *Page 1