[Cite as *Sparks v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-3164.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| BRYAN SPARKS<br><br>　　　Plaintiff<br><br>　　　v.<br><br>OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION<br><br>　　　Defendant | Case No. 2023-00167AD<br><br>Deputy Clerk Holly True Shaver<br><br><u>MEMORANDUM DECISION</u> |

**{¶1}** Bryan Sparks ("plaintiff"), an inmate, filed a complaint against defendant, Ohio Department of Rehabilitation and Correction ("ODRC"). Plaintiff related on July 21, 2022, at defendant's Marion Correctional Institution, plaintiff was placed into segregation and plaintiff's personal property was packed up. Plaintiff was released and went to retrieve the property but discovered most of it was missing. ODRC conducted an internal investigation into the matter and determined that plaintiff's allegations that the property was not properly stored and left unattended, were substantially true. ODRC offered plaintiff $126.00 and a new TV. Plaintiff rejected this offer. Plaintiff seeks the full value of the property and equitable relief by allowing plaintiff to repurchase and possess items that plaintiff had been allowed to possess but are now considered contraband. Plaintiff alleges the following items were lost: one (1) ClearTunes TV, one (1) TV accessories kit, four (4) clothes hangers, one (1) Conair beard and moustache trimmer, one (1) digital alarm clock, one (1) six foot audio cable, one (1) "Y" adapter audio cord, one (1) 8" clear fan, one (1) pair of micro mesh shorts, one (1) blank vending card, one (1) $50 value vending card with a remaining balance of $34.85, one (1) pair of cross-strap shower shoes, one (1) bowl with lid, one (1) 64 oz. clear mug, one (1) bag of potato chips, forty (40) packs of ramen noodles, four (4) bags of pasta shells, one (1) pickle, two (2) packages of cookies, three (3) packages of drink mix, one (1) Kool Operator Jr. fan, one (1) 8-outlet power strip/surge protector, one (1) pair of Timberland boots, one (1) zip-up hoodie, one (1) 3-pack of black Nike no-show socks, one (1) 3-pack of white Nike no-

show socks, one (1) personal pillow, one (1) 3-pack of A-shirts, one (1) pair of green shorts, one (1) pair of navy shorts, one (1) pair of Reebok shoes, one (1) pair of Skullcandy earbuds, one (1) 20" silver rope chain, one (1) Equity alarm clock, one (1) pair of Nike shoes, two (2) green Bic pens, two (2) purple Bic pens, one (1) pencil sharpener, one (1) 12ct. pack of colored pencils, one (1) 12ct. pack of metallic pencils, one (1) pack of neon colored pencils, one (1) 6" fluff comb, one (1) pair of sunglasses, one (1) pair of black oval shoelaces, six (6) pairs of white quarter socks, one (1) Blick sketch board, one (1) 8ct. pack of ballpoint pens, one (1) navy baseball cap, one (1) spool of dark silver thread, one (1) spool of dark gold thread, one (1) 18ct. pack of metallic floss, two (2) Sharpie chisel tip markers, one (1) Blick glue stick, one (1) bottle of Elmer's wood glue, two (2) pairs of Velvet Touch scissors, and one (1) wooden box with sewing contents.

{¶2}    Plaintiff seeks damages in the amount of $935.59.  Plaintiff was not required to submit the $25.00 filing fee.

{¶3}    Defendant submitted an investigation report admitting negligence. However, defendant contests the amount claimed by plaintiff and argues that plaintiff has not proven ownership of all the claimed property lost, and that the property he has proven is subject to depreciation.

{¶4}    Plaintiff filed a response to the investigation report, wherein he reasserts the initial claims and argues that he should be entitled to the full value of the property, not the depreciated value.

{¶5}    As an initial matter, on May 25, 2023, plaintiff filed a motion for summary judgment.  Plaintiff argues that defendant failed to timely file its investigation report and judgment should therefore be rendered on plaintiff's behalf.

{¶6}    Plaintiff's motion for summary judgment rests on defendant's failure to timely submit the investigation report, thus the court construes it to be a motion for default judgment.  Civ.R. 55(D) in pertinent part states: "No judgment by default shall be entered against this state * * * or agency * * * unless the claimant establishes his claim * * * by evidence satisfactory to the court."

{¶7}    "A default judgment against the state may not be granted solely on procedural errors made by the defendant."  *Chasteen v. Dayton Corr. Inst.*, No. 2011-

01721-AD, *aff'd jud* (2011). Therefore, plaintiff's motion for summary judgment is DENIED.

{¶8} To prevail in a claim for negligence, plaintiff must prove, by a preponderance of the evidence, that defendant owed plaintiff a duty, that defendant breached that duty, and that defendant's breach proximately caused plaintiff's damages. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 8 citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

{¶9} Whether a duty exists is a question of law to be decided by the court, while breach of such duty is a question of fact. *Snay v. Burr*, 167 Ohio St.3d, 2021-Ohio-4113, 189 N.E.3d 758 ¶ 14, citing *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989).

{¶10} "[Defendant] does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but it does have the duty to make reasonable attempts to protect such property. When prison authorities obtain possession of an inmate's property, a bailment relationship arises between the correctional facility and the inmate. By virtue of this relationship, [defendant] must exercise ordinary care in handling and storing an inmate's property. However, a correctional institution cannot be held liable for the loss of contraband property that an inmate has no right to possess." (Internal citations omitted.) *Triplett v. S. Ohio Corr. Facility*, 10th Dist. Franklin No. 06AP-1296, 2007-Ohio-2526, ¶ 7.

{¶11} This court has consistently held that "[i]f property is lost or stolen while in defendant's possession, it is presumed, without evidence to the contrary, defendant failed to exercise ordinary care." Internal citations omitted. *Velez v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2019-00053-AD, 2020-Ohio-2932, ¶ 6. However, "[p]laintiff's failure to prove delivery of [the property] to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property." Internal citations omitted. *Jones v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-09341-AD, 2006-Ohio-365, ¶ 10. Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish that defendant actually assumed control over the property.

*Whiteside v. Orient Corr. Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455; *obj. overruled*, 2005-Ohio-5068.

{¶12} Plaintiff has the burden of proving, by a preponderance of the evidence, that plaintiff suffered a loss and that this loss was proximately caused by defendant's negligence. *Coffman v. Mansfield Corr. Inst.*, 10th Dist. Franklin Co. No. 09AP-447, 2009-Ohio-5859, ¶ 9.

{¶13} Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely a substantial factor in bringing about the harm. *Parks v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 1985-01546-AD (1985).

{¶14} In addition, prison regulations, including those contained in the Ohio Administrative Code ("OAC"), "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St.3d 477, 479, 683 N.E.2d 1139 (1997), citing *Sandlin v. Conner*, 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). Additionally, this court has held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. & Corr.*, 67 Ohio Misc.2d 1, 3, 643 N.E.2d 1182 (10th Dist. 1993). Accordingly, to the extent that plaintiff alleges that ODRC somehow violated internal prison regulations and the OAC, plaintiff fails to state a claim for relief. *See Sharp v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2008- 02410-AD, 2008-Ohio-7064, ¶ 5.

{¶15} To recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining plaintiff's claim. If plaintiff's evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, plaintiff fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.*, 161 Ohio St. 82, 118 N.E.2d 147 (1954).

{¶16} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness' testimony. *State v. Antill*, 176 Ohio St. 61, 197 N.E.2d 548 (1964). The court finds plaintiff's statement persuasive.

**{¶17}** Defendant admits liability in this matter, acknowledging negligent acts which resulted in plaintiff's property being lost and stolen.

**{¶18}** The only issue left is damages. Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris*, 25 Ohio App.3d 42, 495 N.E.2d 462 (10th Dist. 1985). As the trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. S. Ohio Corr. Facility*, 61 Ohio Misc.2d 239, 577 N.E.2d 160 (Ct. of Cl. 1988).

**{¶19}** Reasonable certainty as to the amount of damages is required, which is that degree of certainty to which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. of Ohio*, 102 Ohio App.3d 782, 658 N.E.2d 31 (12th Dist. 1995). In a situation where damage assessment for personal property destruction or loss based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner. This determination considers such factors as value to the owner, original cost, replacement cost, salvage value, and fair market value at the time of the loss. *Cooper v. Feeney*, 34 Ohio App.3d 282, 518 N.E.2d 46 (12th Dist. 1986).

**{¶20}** The court finds that plaintiff has not proven ownership and/or provided receipts of the clothes hangers, beard trimmer, audio cable, Y adapter audio cord, 8" fan, blank vending card, $50.00 value vending card with a remaining balance of $34.85, bowl with lid, 64oz. mug, Kool Operator Jr. fan, 8-outlet power strip/surge protector, personal pillow, or the wooden box with sewing contents. Plaintiff has demonstrated ownership and provided receipts for all other items.

**{¶21}** The TV and TV accessories are depreciable items. This court has the authority to determine depreciation based on the age of the property in question. See *Weaver v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2011-10134-AD (2012); and *Woodward v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2016-00267-AD (2016); and *Bonnette v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2017-00187-AD (2018).[1]

**{¶22}** Plaintiff purchased the ClearTunes TV and accessories for $245.69 and owned them for roughly two years. At a depreciated value of 8% of replacement cost per

---

[1] The court will utilize the depreciation guide found at www.claimspages.com to determine which items are subject to depreciation, their depreciation rate, and their current value.

year, the ClearTunes TV and accessories are valued at $206.38. Thus, the court finds the damages for the ClearTunes TV and accessories are $206.38.

{¶23} The digital alarm clock is a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the digital alarm clock for $17.17 and owned it for roughly one year. At a depreciation rate of 10% of replacement cost per year, the digital alarm clock is valued at $15.45. Thus, the court finds the damages for the digital alarm clock are $15.45.

{¶24} The pair of micro mesh shorts is a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the micro mesh shorts for $10.95 and owned them for roughly one year. At a depreciation rate of 33% of replacement cost per year, the micro mesh shorts are valued at $7.33. Thus, the court finds the damages for the pair of micro mesh shorts are $7.33.

{¶25} The pair of shower shoes is not a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the shower shoes for $0.93. Thus, the court finds the damages for the shower shoes are $0.93.

{¶26} According to ODRC policy, inmates are only allowed to keep two weeks' worth of commissary items. 61-PRP-01 V1.A7 states: "Incarcerated individuals may be required to provide proof of ownership for any item of their personal property at any time." Plaintiff purchased various commissary items on July 20, 2022, a day before the incident, totaling $21.97. As the commissary items were purchased within the two-week period allowed by ODRC policy, the court finds the damages for the various commissary items are $21.97.

{¶27} The 3-pack of A-Shirts is a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the 3-pack of A-Shirts for $12.95 and owned them for roughly one year. At a depreciation rate of 33% of replacement cost per year, the 3-pack of A-Shirts is valued at $8.68. Thus, the court finds the damages for the 3-pack of A-Shirts are $8.68.

{¶28} The pair of micro mesh shorts is a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.*

Plaintiff purchased the micro mesh shorts for $10.95 and owned them for roughly one year. At a depreciation rate of 33% of replacement cost per year, the micro mesh shorts are valued at $7.33. Thus, the court finds the damages for the pair of micro mesh shorts are $7.33.

{¶29} The pair of green shorts is a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the pair of green shorts for $13.95 and owned them for roughly one year. At a depreciation rate of 33% of replacement cost per year, the pair of green shorts is valued at $9.35. Thus, the court finds the damages for the pair of green shorts are $9.35.

{¶30} The pair of navy shorts is a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the pair of navy shorts for $13.95 and owned them for roughly one year. At a depreciation rate of 33% of replacement cost per year, the pair of navy shorts is valued at $9.35. Thus, the court finds the damages for the pair of navy shorts are $9.35.

{¶31} The pair of Reebok shoes is a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the pair of Reebok shoes for $59.95 and owned them for roughly one year. At a depreciation rate of 33% of replacement cost per year, the pair of Reebok shoes is valued at $40.17. Thus, the court finds the damages for the pair of Reebok shoes are $40.17.

{¶32} The pair of Skullcandy earbuds is a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the pair of Skullcandy earbuds for $11.95 and owned them for roughly one year. At a depreciation rate of 20% of replacement cost per year, the pair of Skullcandy earbuds is valued at $9.56. Thus, the court finds the damages for the pair of Skullcandy earbuds are $9.56.

{¶33} The 20" sterling silver rope chain is a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the 20" sterling silver rope chain for $9.95 and owned it for roughly one year. At a depreciation rate of 5% of replacement cost per year, the 20" sterling silver

rope chain is valued at $9.45. Thus, the court finds the damages for the 20" sterling silver rope chain are $9.45.

{¶34} The Equity alarm clock is a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the Equity alarm clock for $15.95 and owned it for roughly one year. At a depreciation rate of 10% of replacement cost per year, the Equity alarm clock is valued at $14.36. Thus, the court finds the damages for the Equity alarm clock are $14.36.

{¶35} The pair of Nike shoes is a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the pair of Nike shoes for $69.90 and owned them for roughly one year. At a depreciation rate of 33% of replacement cost per year, the pair of Nike shoes is valued at $46.83. Thus, the court finds the damages for the pair of Nike shoes are $46.83.

{¶36} The green Bic pens are not depreciable items. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the green Bic pens for $0.80. Thus, the court finds the damages for the green Bic pens are $0.80.

{¶37} The purple Bic pens are not depreciable items. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the purple Bic pens for $0.80. Thus, the court finds the damages for the purple Bic pens are $0.80.

{¶38} The pencil sharpener is not a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the pencil sharpener for $1.10. Thus, the court finds the damages for the pencil sharpener are $1.10.

{¶39} The 12ct. of colored pencils is not a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the 12ct. of colored pencils for $2.30. Thus, the court finds the damages for the 12ct. of colored pencils are $2.30.

{¶40} The 12ct. of metallic pencils is not a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.*

Plaintiff purchased the 12ct. of metallic pencils for $2.80. Thus, the court finds the damages for the 12ct. of colored pencils are $2.80.

{¶41} Neon-colored pencils are not a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the neon-colored pencils for $2.90. Thus, the court finds the damages for the neon-colored pencils are $2.90.

{¶42} The 6" fluff comb is a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the 6" fluff comb for $1.10 and owned it for roughly one year. At a depreciation rate of 50% of replacement cost per year, the 6" fluff comb is valued at $0.55. Thus, the court finds the damages for the 6" fluff comb are $0.55.

{¶43} The sunglasses are a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the sunglasses for $4.90 and owned them for roughly one year. At a depreciation rate of 10% of replacement cost per year, the sunglasses are valued at $4.41. Thus, the court finds the damages for the sunglasses are $4.41.

{¶44} Shoelaces are not a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the shoelaces for $1.90. Thus, the court finds the damages for the shoelaces are $1.90.

{¶45} The 6-pack of white quarter socks is a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the 6-pack of white quarter socks for $7.90 and owned them for roughly one year. At a depreciation rate of 33% of replacement cost per year, the 6-pack of white quarter socks is valued at $5.29. Thus, the court finds the damages for the 6-pack of white quarter socks are $5.29.

{¶46} The Blick sketch board is a depreciable item. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the Blick sketch board for $8.80 and owned it for roughly two years. At a depreciation rate of 5% of replacement cost per year, the Blick sketch board is valued at $7.92. Thus, the court finds the damages for the Blick sketch board are $7.92.

{¶47}  The 8ct. ballpoint pen pack is not a depreciable item.  This court has the authority to determine depreciation based on the age of the property in question.  *Id.* Plaintiff purchased the 8ct. ballpoint pen pack for $1.50.  Thus, the court finds the damages for the 8ct. ballpoint pen pack are $1.50.

{¶48}  The navy baseball hat is a depreciable item.  This court has the authority to determine depreciation based on the age of the property in question.  *Id.*  Plaintiff purchased the navy baseball hat for $5.90 and owned it for roughly two years.  At a depreciation rate of 20% of replacement cost per year, the navy baseball hat is valued at $3.54.  Thus, the court finds the damages for the navy baseball hat are $3.54.

{¶49}  The dark silver spool of thread is not a depreciable item.  This court has the authority to determine depreciation based on the age of the property in question.  *Id.* Plaintiff purchased the dark silver spool of thread for $3.99.  Thus, the court finds the damages for the dark silver spool of thread are $3.99.

{¶50}  The dark gold spool of thread is not a depreciable item.  This court has the authority to determine depreciation based on the age of the property in question.  *Id.* Plaintiff purchased the dark gold spool of thread for $3.99.  Thus, the court finds the damages for the dark gold spool of thread are $3.99.

{¶51}  The 18-pack of metallic floss is not a depreciable item.  This court has the authority to determine depreciation based on the age of the property in question.  *Id.* Plaintiff purchased the 18-pack of metallic floss for $9.99.  Thus, the court finds the damages for the 18-pack of metallic floss are $9.99.

{¶52}  The two Sharpie chisel tip markers are not depreciable items.  This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the Sharpie chisel tip markers for $2.54.  Thus, the court finds the damages for the Sharpie chisel tip markers are $2.54.

{¶53}  The Blick glue stick is not a depreciable item.  This court has the authority to determine depreciation based on the age of the property in question.  *Id.*  Plaintiff purchased the Blick glue stick for $1.18.  Thus, the court finds the damages for the Blick glue stick are $1.18.

{¶54}  The bottle of Elmer's wood glue is not a depreciable item.  This court has the authority to determine depreciation based on the age of the property in question.  *Id.*

Plaintiff purchased the bottle of Elmer's wood glue for $3.11. Thus, the court finds the damages for the bottle of Elmer's wood glue are $3.11.

{¶55} The two pairs of Velvet Touch scissors are not depreciable items. This court has the authority to determine depreciation based on the age of the property in question. *Id.* Plaintiff purchased the Velvet Touch scissors for $6.82. Thus, the court finds the damages for the two pairs of Velvet Touch scissors are $6.82.

{¶56} Additionally, plaintiff argues that the Timberland boots, zip-up hoodie, the black and white Nike no-show socks, and pillow (which the court has found he has not proven ownership of) are now considered contraband, but that plaintiff was allowed to possess them before the new prison policies were implemented.[2] As stated previously, a correctional institution cannot be held liable for the loss of contraband property that an inmate has no right to possess. *Triplett v. S. Ohio Corr. Facility*, 10th Dist. Franklin No. 06AP-1296, 2007-Ohio-2526, ¶ 7. Inasmuch as these three items are now considered contraband, plaintiff is not entitled to damages for these items. Moreover, even if they were not contraband, due to depreciation, these items have no monetary value. The pair of Timberland boots is a depreciable item. Plaintiff purchased the Timberland boots for $79.90 and owned them for roughly five years. At a depreciation rate of 50% of replacement cost per year, the Timberland boots are valued at $0.00. Thus, the court finds the damages for the pair of Timberland boots are $0.00.

{¶57} The zip-up hoodie is a depreciable item. Plaintiff purchased the zip-up hoodie for $27.00 and owned it for roughly five years. At a depreciation rate of 33% of replacement cost per year, the zip-up hoodie is valued at $0.00. Thus, the court finds the damages for the zip-up hoodie are $0.00.

{¶58} The black and white Nike no-show socks are depreciable items. Plaintiff purchased the socks for $26.00 and owned them for roughly five years. At a depreciation rate of 33% of replacement cost per year, the socks are valued at $0.00. Thus, the court finds the damages for the black and white no-show socks are $0.00.

{¶59} Plaintiff argues that even though these items are contraband, the court should order defendant to allow plaintiff to repurchase these items.

---

[2] The court has already found that plaintiff failed to prove ownership and/or a receipt for the pillow. Therefore, the pillow shall not be addressed further.

{¶60} The Court of Claims' "jurisdiction extends over actions that also include a claim for a declaratory judgment, injunctive relief, or other equitable relief, as long as the ancillary claim or claims arise out of the same circumstances that give rise to the claim for money damages." R.C. 2743.03(A)(2); *Meccon, Inc. v. Univ. of Akron*, 126 Ohio St.3d 231, 2010-Ohio-3297, ¶ 19.; *State ex rel. Blackwell v. Crawford*, 106 Ohio St.3d 447, 2005-Ohio-5124, ¶ 20. *Great W. Cas. Co. v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 14AP-524, 2015- Ohio-1555, ¶ 11. Additionally, inmate complaints regarding the conditions of confinement are treated as claims arising under Section 1983, Title 43, United States Code. *State ex rel. Carter v. Schotten*, 70 Ohio St.3d 89, 91, 637 N.E.2d 306 (1994). To the extent the complaint can be construed as raising a challenge to the conditions of confinement, i.e., the items plaintiff is allowed to possess, such a claim is not actionable in the Court of Claims. *Payne v. Mohr*, No. 2:11-CV-00831 (S.D. Ohio Oct. 6, 2011); *Thompson v. S. State Community College*, 10th Dist. No. 89AP-114 (June 15, 1989); *Burkey v. S. Ohio Corr. Facility*, 38 Ohio App.3d 170, 528 N.E.2d 607 (10th Dist. 1988).

{¶61} It is well settled that the Court of Claims does not have jurisdiction to hear constitutional claims brought against the state. *Bleicher v. Univ. of Cincinnati College of Medicine*, 78 Ohio App.3d 302, 604 N.E.2d 783 (10th Dist. 1992). Furthermore, it is a well-established principle of law that the state of Ohio is not a "person" within the meaning of Section 1983, Title 42, U.S. Code; therefore, such actions cannot be brought against the state. *White v. Chillicothe Corr. Inst.*, 10th Dist. No. 92AP-1230 (December 29, 1992).

{¶62} It is clear from the complaint that plaintiff sought to gain an exception to contraband policies for defendant's violations of internal regulations and procedures. Accordingly, because plaintiff's sought relief is based on what he is not allowed to own or purchase, it should be treated as a condition of confinement claim. As such, plaintiff's requested exemption from prison regulations and policies is not actionable in this court. Moreover, the court has found that the contraband items have no monetary value. Accordingly, plaintiff has failed to prove that he is entitled to damages for these items.

{¶63} For the foregoing reasons, judgment is rendered in favor of plaintiff in the amount of $474.57.

| | |
|---|---|
| BRYAN SPARKS | Case No. 2023-00167AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>ENTRY OF ADMINISTRATIVE DETERMINATION</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶64} Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $474.57.  Plaintiff's May 25, 2023 motion is DENIED. Court costs are assessed against defendant.

HOLLY TRUE SHAVER
Deputy Clerk

Filed 8/2/23
Sent to S.C. Reporter 9/7/23