[Cite as *Rink v. Dept. of Rehab. and Corr.*, 2018-Ohio-3633.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Stanley Rink, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 18AP-65 |
| v. | : | (Ct. of Cl. No. 2017-00319-AD) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on September 11, 2018

**On brief:** *Stanley Rink*, pro se.

APPEAL from the Court of Claims of Ohio

SADLER, J.

{¶ 1} Plaintiff-appellant, Stanley Rink, appeals from a judgment of the Court of Claims of Ohio confirming the administrative decision of November 3, 2017 in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the reasons that follow, we dismiss this appeal for lack of jurisdiction.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On April 10, 2017, appellant, who is an inmate in the custody and control of ODRC, filed a complaint in the Court of Claims alleging ODRC lost or destroyed his personal property valued at $1,825. On November 3, 2017, a deputy clerk of the Court of Claims issued a memorandum decision in favor of ODRC. On November 13, 2017, appellant filed a motion, pursuant to R.C. 2743.10(D), seeking review by the Court of Claims of the deputy clerk's decision.

{¶ 3} On December 22, 2017, the Court of Claims issued an "entry confirming administrative determination." Appellant has filed a notice of appeal to this court from the judgment of the Court of Claims.

## II. ASSIGNMENT OF ERROR

{¶ 4} Appellant assigns the following as trial court error:

> THE COURT OF CLAIMS ERRORED [sic] WHEN IT LOST ITS WAY WHILE REVIEWING THE STATED FACTS IN THE COMPLAINT AND RENDERED A DECISION RELYING ON PERJURED STATEMENTS IN AN INVESTIGATIVE REPORT THAT WAS IRRELEVANT TO THE ACTUAL ISSUE OF THE COMPLAINT DENYING THE PLAINTIFFS [sic] RIGHT TO DUE PROCESS IN ACCORDANCE TO THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## III. LEGAL ANALYSIS

{¶ 5} R.C. 2743.10 requires the Court of Claims to determine certain civil actions administratively. *Lewis v. State*, 10th Dist. No. 77AP-827 (Apr. 11, 1978). R.C. 2743.10 provides, in relevant part, as follows:

> (A) Civil actions against the state for ten thousand dollars or less shall be determined administratively by the clerk of the court of claims.
>
> * * *
>
> (D) Upon the motion of a party, the court of claims shall review the determination of the clerk upon the clerk's report and papers filed in the action and shall enter judgment consistent with its findings. *The judgment shall not be the subject of further appeal.* No civil action arising out of the same transaction or set of facts may be commenced by the claimant in the court of claims.

(Emphasis added.)

{¶ 6} "Although R.C. 2743.20 provides generally for appeals from orders and judgments of the Court of Claims to this court, R.C. 2743.10(D) expressly provides that there shall be no such appeal to this court where the action has initially been determined administratively by the clerk of the Court of Claims." *Maffeo v. Dept. of Agriculture*, 10th Dist. No. 77AP-608 (Oct. 20, 1977). Accordingly, this court has consistently dismissed, due

to the lack of jurisdiction, any appeal taken from a Court of Claims judgment in a civil action determined administratively by the clerk of the Court of Claims.  *Id.*  *See also Lewis*; *Johnson v. Dept. of Corr.*, 10th Dist. No. 81-106 (Apr. 23, 1981); *Lillie v. S. Ohio Corr. Facility*, 10th Dist. No. 80AP-162 (Apr. 17, 1980); *Hampton v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 80AP-182 (June 10, 1980).  Because appellant's civil action against the state was determined administratively by the clerk of the Court of Claims, this court does not have jurisdiction of appellant's appeal.  *Lewis*; *Johnson*; *Lillie*; *Hampton*.

{¶ 7}   For the foregoing reasons, we sua sponte dismiss the appeal.

*Appeal dismissed.*

BROWN, P.J., and BRUNNER, J., concur.

————————————