[Cite as *Harris v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-4281.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mason Harris, | : | |
| Plaintiff-Appellant, | : | No. 21AP-326 |
| | | (Ct. of Cl. No. 2020-00287AD) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Ohio Department of Rehabilitation and Correction, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 7, 2021

**On brief:** *Mason Harris*, pro se.

APPEAL from the Court of Claims of Ohio

JAMISON, J.

{¶ 1} Plaintiff-appellant, Mason Harris, appeals from the judgment of the Court of Claims of Ohio, in which the court granted judgment to the Ohio Department of Rehabilitation and Correction ("ODRC"), defendant-appellee.

**I. Facts and Procedural History**

{¶ 2} On May 4, 2020, appellant filed a complaint alleging that his personal property was stolen or negligently lost in London Correctional Institution ("LOCI"), while he was in a temporary placement unit for conduct issues.

{¶ 3} On November 18, 2019, appellant was placed in Temporary Placement Unit at LOCI. Appellant's property was packed up by appellee's staff. On January 6, 2020, appellant's belongings were returned to him. Appellant alleges that when he received his

property back, he was missing numerous items. Appellant alleges that the total value of the missing items is $454.20. Appellant submitted the $25 filing fee.

{¶ 4} ODRC submitted an investigation report denying liability in the matter and contends that appellant failed to prove ownership of the property he claims was negligently lost. Further, ODRC argues that some of the property appellant claims that was lost falls into the category of contraband. Appellant submitted a response to ODRC's investigation report.

{¶ 5} On March 4, 2021, the deputy clerk for the Court of Claims filed a memorandum decision and entry of administrative determination in which the deputy clerk rendered judgment in favor of ODRC. The deputy clerk found that appellant's failure to prove delivery of the property to appellee constituted a failure to show imposition of a legal bailment duty on the part of ODRC in respect to lost property.

{¶ 6} On March 23, 2021, appellant filed a motion for court review pursuant to R.C. 2743.10(D). On May 6, 2021, the Court of Claims issued an entry affirming the administrative determination. On June 21, 2021, appellant filed a notice of appeal.

## II. Assignment of Error

{¶ 7} Appellant assigns the following error for our review:

ASSIGNMENT OF ERROR NO. I.

THE COURT OF CLAIMS OF OHIO AND FRANKLIN COUNTY COURT OF COMMON PLEAS JUDGE PATRICK E. SHEERAN ERRED WHEN IT PROHIBITED THEMSELVES FROM VIEWING SURVEILLANCE CAMERA FOOTAGES OF PLAINTIFF-APPELLANT'S $454.20 MISSING, LOST, STOLEN, THEFT PERSONAL PROPERTY OF PLAINTIFF-APPELLANT AGAINST LONDON CORRECTIONAL INSTITUTION MEMBERS AT THAT PRISON HURTING HIS OPPORTUNITIES FROM ACQUIRING A REIMBURSEMENT OF $454.20 OR HIS MISSING, LOST, STOLEN, THEFT PERSONAL PROPERTY FROM LONDON CORRECTIONAL INSTITUTION WITHOUT TELECONFERENCE HEARING NOR VISITING THE LONDON CORRECTIONAL INSTITUTION SURVEILLANCE CAMERA FOOTAGES OF THE PRESCRIBED DATES, TIMES, YEAR OF THE INCIDENTS IN VIOLATION OF THE COMPULSORY PROCESS AND DUE PROCESS CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTIONS.

### III. Legal Analysis

{¶ 8}  Appellant argues that the Court of Claims erred by failing to review surveillance camera footage which violated compulsory process and due process clauses of the United States and Ohio Constitution.  Further, appellant argues that the failure to view the surveillance camera hurt his opportunity to acquire reimbursement for his missing, lost, or stolen personal property from LOCI without teleconference hearing or visiting LOCI.  Regardless to the phraseology of the argument raised by appellant, because R.C. 2743.10 requires the Court of Claims to determine certain civil actions administratively, we must dismiss appellant's action.

{¶ 9}  Civil actions against the State of Ohio for ten thousand dollars ($10,000) or less are determined on an administrative basis by the clerk of the Court of Claims. R.C. 2743.10(A).  A party may move the court to review an administrative determination, but that is the extent of any appeal rights.

{¶ 10}  R.C. 2743.10(D) provides in relevant part as follows:

> Upon the motion of a party, the court of claims shall review the determination of the clerk upon the clerk's report and papers filed in the action and shall enter judgment consistent with its findings. The judgment shall not be the subject of further appeal. No civil action arising out of the same transaction or set of facts may be commenced by the claimant in the court of claims.

{¶ 11} R.C. 2743.10 expressly provides that there shall be no such appeal to this court where the action has initially been determined administratively by the clerk of the Court of Claims.  *Rink v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-65, 2018-Ohio-3633, ¶ 6, quoting *Maffeo v. Dept. of Agriculture*, 10th Dist. No. 77AP-608, 1977 Ohio App. LEXIS 7955 (Oct. 20, 1977.)  This court has held that it lacks jurisdiction over an administrative appeal and that "there shall be no such appeal to this court where the action has initially been determined administratively by the clerk of the Court of Claims." *Guy v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 19AP-457, 2019-Ohio-4957, ¶ 7.

{¶ 12} Because appellant's civil action against ODRC was determined administratively by the clerk of the Court of Claims, this court does not have jurisdiction over appellant's appeal.

{¶ 13} Accordingly, we sua sponte dismiss the appeal.

*Appeal dismissed.*

DORRIAN, P.J., and LUPER SCHUSTER, J., concur.

———————————