[Cite as *Fikes v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-2826.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Joshua Fikes, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 24AP-115 |
| v. | : | (Ct. of Cl. No. 2023-00314AD) |
| Ohio Department of Rehabilitation and Correction, | : | (ACCELLERATED CLAENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on July 25, 2024

**On brief:** *Joshua Fikes*, pro se.

**On brief:** *Byron D. Turner*, Staff Counsel, for appellee Ohio Department of Rehabilitation and Correction.

APPEAL from the Court of Claims of Ohio

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, Joshua Fikes, appeals the January 19, 2024 decision of the Court of Claims denying his motion for relief from judgment pursuant to Civ.R. 60(B). Fikes asserts a single assignment of error, arguing that the "trial court erred in characterizing and denying plaintiff-appellant's motion for relief from judgment under Civ.R. 60(B)(5) as a further appeal, when a Civ.R. 60(B) motion constitutes a collateral attack that R.C. 2743.10(D) does not prohibit."

{¶ 2} Fikes filed this case on April 26, 2023, and asserted that he was entitled to damages from the Ohio Department of Rehabilitation and Correction ("ODRC"), because while he was an inmate at the Marion Correctional Institution, ODRC lost a transcript and two compact discs that were mailed to him at the institution by the Hamilton County Probate Court in connection with the estate of his late father. Fikes asserted that the

transcript consisted of 101 pages with a fair market value of $4.50 per page, and that the two compact discs contained recordings of jailhouse telephone conversations between Fikes and his late father, his brother, and his sister, and had a "peculiar value to Plaintiff of no less than $5,000" apiece. He sought damages from ODRC in the amount of $10,454.50.

{¶ 3} On May 23, 2023, ODRC filed a motion to have Fikes' case transferred to the Court of Claims administrative docket for decision by the clerk of court of claims, in accordance with R.C. 2743.10. Pursuant to subsection (A) of the statute, "[c]ivil actions against the state for ten thousand dollars or less shall be determined administratively by the clerk of the court of claims * * *." Fikes objected to the transfer, but on June 21, 2023, the Court of Claims issued an entry transferring the case:

> Plaintiff alleges that the discs are without market value because they contained recordings with his family members and are irreplaceable, as he has no copies. However, Plaintiff further explains that his intention was to retain the discs because they included discussions regarding his late father's estate planning as well as memorialized "a part of his family's history for generations as a teaching." Plaintiff reiterates his claim that Defendant is liable for the loss of the discs and transcripts as well as for the "peculiar value."
>
> While Plaintiff argues that the discs have peculiar value, the Court is not persuaded as to the discs value above market value. A party is not automatically entitled to an award of damages in an amount the party requests. "As a general rule, the measure of damages for lost, destroyed, or stolen property is the reasonable market value of the property immediately before it is lost, destroyed, or stolen."
>
> * * *
>
> While the Court will not speculate as to the market value at this time, accepting the allegations of the complaint as true, the amount in controversy for the alleged loss of two compact discs and four sets of original transcripts cannot be more than $10,000, as a matter of law. Accordingly, Defendant's motion to transfer the case to the administrative docket is GRANTED. This case is hereby TRANSFERRED to the administrative docket for determination pursuant to R.C. 2743.10.

(Citations omitted.) (June 21, 2023 Entry at 2-4.) Accordingly, the case was transferred to the court's administrative docket, and on October 27, 2023, the clerk issued a

memorandum determination in favor of ODRC, who had demonstrated that the package was treated as contraband, and the transcripts and discs had been returned to the Hamilton County Probate Court because Fikes had not obtained pre-approval to receive the discs, as required under ODRC Policy 75 MAL-03(VI)(A)(9) and ODRC Policy 59 LEG-01(VI)(E)(8). On December 13, 2023, the Court of Claims reviewed the clerk's determination, and confirmed that decision:

> [Fikes] asserts that there is no proof that [Fike's] legal mail was returned to Hamilton County Probate Court, and that the envelope in the investigation report and cited in the administrative determination is inadequate to show it was returned. * * * However, whether the mail was returned to the sender, destroyed, or confiscated is irrelevant. As the Clerk asserts in the administrative determination, it is well-established that "a correctional institution cannot be held liable for the loss of contraband property that an inmate has no right to possess." *Triplett v. S. Ohio Corr. Facility.*, 10th Dist. No. 06AP-1296, 2007-Ohio-2526, ¶ 7, citing *Beaverson v. Ohio Dept. of Rehab. & Corr.*, 61 Ohio Misc.2d 249, 250 577 N.E. 2d (Ct. of Cl.1988).
>
> * * *
>
> Upon review of the record, the Court finds that there is no substantial error in the Deputy Clerk's determination. *See* L.C.C.R. 7(G)(6). Accordingly, the October 27, 2023 administrative determination is CONFIRMED. Pursuant [to] R.C. 2743.10(D), no further appeal may be taken from this judgment. Court costs are assessed against Plaintiff.

(Dec. 13, 2023 Order at 1-2.)

{¶ 4} Fikes then filed a motion for Civ.R. 60(B) relief from the confirmation of the judgment. But on January 19, 2024, the court denied such relief:

> On December 13, 2023, the Court confirmed the Deputy Clerk's October 27, 2023 Administrative Determination upon review of Plaintiff's Motion for Court Review. On January 12, 2024, Plaintiff filed a Motion for Relief from Judgment pursuant Civ.R. 60(B). Pursuant [to] R.C. 2743.10(D), after the Court renders a judgment for an Administrative Determination upon a Motion for Court Review, "the judgment shall not be the subject of further appeal."

> Accordingly, Plaintiff's Motion is DENIED. The costs associated with the processing of this entry are absorbed by the court.

(Jan. 19, 2024 Entry.) This appeal followed, and Fikes now argues that his motion for Civ.R. 60(B) relief was not barred by R.C. 2743.10(D). The statute provides that on "the motion of a party, the court of claims shall review the determination of the clerk upon the clerk's report and papers filed in the action and shall enter judgment consistent with its findings. *The judgment shall not be the subject of further appeal.* No civil action arising out of the same transaction or set of facts may be commenced by the claimant in the court of claims." Fikes claims that his motion was not an "further appeal" under the subsection, and therefore the court erred by denying it. ODRC responds that his motion simply reiterated the merits of his underlying claim, that the court of claims acted within its discretion to deny the motion, and that the court's judgment should be affirmed.

{¶ 5} But we perceive a more fundamental problem—pursuant to plain language of R.C. 2743.10(D), this court itself lacks jurisdiction to consider the merits of Fikes' arguments. In *Harris v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 21AP-326, 2021-Ohio-4281, we observed:

> R.C. 2743.10 expressly provides that there shall be no such appeal to this court where the action has initially been determined administratively by the clerk of the Court of Claims. *Rink v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-65, 2018-Ohio-3633, ¶ 6, quoting *Maffeo v. Dept. of Agriculture*, 10th Dist. No. 77AP-608, 1977 Ohio App. LEXIS 7955 (Oct. 20, 1977.) This court has held that it lacks jurisdiction over an administrative appeal and that "there shall be no such appeal to this court where the action has initially been determined administratively by the clerk of the Court of Claims." *Guy v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 19AP-457, 2019-Ohio-4957, ¶ 7.

> Because appellant's civil action against ODRC was determined administratively by the clerk of the Court of Claims, this court does not have jurisdiction over appellant's appeal.

*Harris*, 2021-Ohio-4281 at ¶ 11-12. There is no meaningful difference between the situation we faced in *Harris* and the case we address today; the fact that Fikes is claiming to appeal from a Civ.R. 60(B) decision refusing to reconsider the judgment is insignificant, as the statute specifically states that "the judgment shall not be the subject of *further appeal.*"

(Emphasis added.)  R.C. 2743.10(D).  Pursuant to the Ohio Constitution, Article IV, Section 3(B)(2), "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *."  The plain language of R.C. 2743.10(D) forbids this court from exercising jurisdiction in matters such as this.  Accordingly, Fikes' appeal is dismissed.

*Appeal dismissed.*

JAMISON and LELAND, JJ., concur.

———————————