ARMOR

v.

NORTH CENTRAL CORRECTIONAL INSTITUTION.

Court of Claims of Ohio.

No. 96–01259.

Decided Dec. 3, 1997.

*John C. Armor, pro se.*

*Betty D. Montgomery,* Attorney General, and *Paul–Michael LaFayette,* Assistant Attorney General, for defendant.

---

DEAN STRAUSBAUGH, Judge.

The court conducted a trial to determine whether defendant, the North Central Correctional Institution ("NCCI"), is liable for damages suffered by plaintiff John C. Armor regarding the theft of his personal property.

The incident giving rise to plaintiff's claim occurred on September 21, 1996, while plaintiff was in a disciplinary holding cell awaiting his transfer to a different correctional institution. As a result of his pending transfer, defendant's employees inventoried, packed up, and stored plaintiff's personal property prior to its shipment to the new institution. Usually, the inmate is present during the inventory of his personal property, at which time he signs the inventory list, thereby agreeing to its accuracy. However, since plaintiff was being held in

disciplinary control, he was not present while the inventory was being made of his personal belongings.

Upon arriving at his newly assigned correctional facility, plaintiff was informed that his belongings had been stolen by an inmate at NCCI who had broken into NCCI's inmate vault. As a result of the theft, plaintiff received only a fraction of his personal property. Prior to the theft of plaintiff's personal property, NCCI's inmate storage vault had been broken into on numerous occasions.

Thereafter, plaintiff filed a grievance to recover the value of his stolen property. However, his efforts were unavailing because he valued his stolen property above $300, which is the Ohio Department of Rehabilitation and Correction's authorized settlement amount. Thereafter, plaintiff filed the instant action seeking to recover $10,025 in damages for the loss of his personal property.

When prison authorities obtain possession of an inmate's property, a bailment relationship arises between the correctional facility and the inmate. *Miller v. Ohio Dept. of Rehab. & Corr.* (1985), Ct. of Cl. No. 84–08661–AD, unreported; *Buhrow v. Ohio Dept. of Rehab. & Corr.* (1985), Ct. of Cl. No. 85–01562–AD, unreported; *Sallows v. Ohio Dept. of Rehab. & Corr.* (1986), Ct. of Cl. No. 85–07773–AD, unreported. By virtue of this relationship, defendant must exercise ordinary care in handling and storing the property. *Buhrow* and *Swallow, supra.* If property is lost or stolen while in the defendant's possession, it is presumed, without evidence to the contrary, that defendant failed to exercise ordinary care. *Merrick v. Ohio Dept. of Rehab. & Corr.* (1985), Ct. of Cl. No. 85–05029–AD, unreported; *Cox v. Southeastern Ohio Training Ctr.* (1986), Ct. of Cl. No. 84–03740–AD, unreported.

The initial question before the court is whether NCCI failed to exercise ordinary care in the handling and storing of plaintiff's property. The court finds that based upon the prior break-ins, NCCI was on notice that the vault door lock was inadequate. Therefore, the court finds that, based upon the foregoing presumption and the facts surrounding this matter, NCCI failed to exercise ordinary care in securing the inmate vault.

The next question for the court to determine is the value of plaintiff's stolen property. At trial, plaintiff provided an exhaustive list of personal items that he claims were stolen. Upon review, the court finds that plaintiff failed to prove by a preponderance of the evidence ownership and value of all of the alleged items. Rather, the court finds that plaintiff's personal property consisted of those items indicated on the pack-up and receiving lists, and some of those items indicated on plaintiff's "certificates of ownership."

At trial defendant argued that Ohio Adm.Code 5120–9–33(G), which states that "[u]nless otherwise specified by institutional rule, the value limit on the total property possessed by an inmate is three hundred dollars," limits its liability to three hundred dollars. The court does not agree. According to this court's decision in *Gaiter, supra,* Ohio Adm.Code 5120–9–33(G) does not purport to establish the value of inmate personal property; rather, it is merely an indicium of the value of an inmate's personal property. At no time other than arguing the applicability of Ohio Adm.Code 5120–9–33(G) did defendant offer any evidence as to the value of plaintiff's stolen property. Therefore, since plaintiff is competent to testify, the court is left with plaintiff's valuation of his property as evidence of its worth. Upon review of all the facts and circumstances, the court finds that defendant is liable to plaintiff for damages in the amount of $800.

*Judgment for plaintiff.*

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.