[Cite as *Lister v. London Correctional Inst.*, 2009-Ohio-7185.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHARLES LISTER

    Plaintiff

    v.

LONDON CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2009-06524-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} 1)   Plaintiff, Charles Lister, an inmate incarcerated at defendant, London Correctional Institution (LoCI), asserted his Smith Corona typewriter was totally destroyed by LoCI staff during a shakedown search conducted on December 18, 2007.

{¶ 2} 2)   Plaintiff explained that under current LoCI policy his broken Smith Corona typewriter cannot be sent out of the institution for repairs, but must be replaced by a different brand typewriter (Swintee) sold through an approved vendor. Consequently, plaintiff maintained all his Smith Corona typewriter supplies along with his Smith Corona typewriter must be replaced.   Plaintiff contended his typewriter was totally damaged as a proximate cause of negligence on the part of LoCI personnel and he has therefore filed this complaint seeking to recover $311.75, the stated replacement cost of a typewriter along with the value of typewriter accessories he can no longer use. The filing fee was paid.

{¶ 3} 3)   Defendant denied liability in this matter asserting plaintiff failed to offer sufficient evidence to prove his typewriter was broken by LoCI staff during a

shakedown search on December 18, 2007.  Defendant related "[i]t is just as possible that any damage (to the typewriter) occurred prior to, or after, the shakedown."  Defendant acknowledged it is possible plaintiff's typewriter was damaged by LoCI employees during the December 18, 2007 shakedown search.  Defendant maintained plaintiff overstated his damage claim considering the typewriter was purchased for him in 2001 and was therefore at least six years old at the time of the shakedown search.  Additionally, defendant pointed out plaintiff failed to provide evidence of the original purchase price of the typewriter and failed to submit evidence to prove the typewriter was totally destroyed.  Defendant priced a new Smith Corona typewriter at $137.96 and $159.98.  Defendant argued plaintiff is not entitled to the damages claimed.

{¶ 4}  4)  Plaintiff filed a response insisting his Smith Corona typewriter was "dropped by a staff member" during a shakedown search on December 18, 2007.  Plaintiff submitted a title for a Smith Corona typewriter issued by defendant on May 24, 2007.  Plaintiff described the damage to his property observing, "[t]he case of this typewriter is now broke in four (4) locations, making this typewriter inoperative."  Plaintiff maintained that his Smith Corona typewriter originally cost much more than the two examples of typewriters defendant referenced valued at $137.96 and $159.98, respectively.  Plaintiff did not submit any evidence regarding the purchase price of his typewriter or give any indication when the typewriter was purchased.

CONCLUSIONS OF LAW

{¶ 5}  1)  It has been determined by this court that when a defendant engaged in a shakedown operation, it must exercise ordinary care in doing so.  *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 6}  2)  This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 7}  3)  Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 8}  4)  Plaintiff has failed to prove a causal connection between the damage to his typewriter and any breach of duty owed by defendant in regard to protecting

inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD.

{¶ 9}   5)   Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 10} 6)   In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 11} 7)   In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 12} 8) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 13} 9) The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. This court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly persuasive.

{¶ 14} 10)Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was damaged as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHARLES LISTER

     Plaintiff

     v.

LONDON CORRECTIONAL INSTITUTION

     Defendant

     Case No. 2009-06524-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

                             _____
                             DANIEL R. BORCHERT
                             Deputy Clerk

Entry cc:

Charles Lister, #351-130             Gregory C. Trout, Chief Counsel
1580 St. Rt. 56                    Department of Rehabilitation
P.O. Box 69                       and Correction

London, Ohio  43140-0069

770 West Broad Street
Columbus, Ohio  43222

RDK/laa
10/28
Filed 12/22/09
Sent to S.C. reporter 4/7/09