[Cite as *Velez v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-2932.]

| | |
|---|---|
| JOSE VELEZ | Case No. 2019-00053AD |
| Plaintiff | Deputy Clerk Daniel R. Borchert |
| v. | <u>MEMORANDUM DECISION</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} On October 3, 2019, this court issued a Memorandum Decision granting judgment in favor of defendant, Ohio Department of Rehabilitation and Correction ("ODRC"). This court found that:

"When an inmate signs a receipt stating defendant packed up all of his property and the inmate did not contest the fact of this receipt, he has failed to show the Department of Corrections was liable for the alleged property loss. *Yocum v. Chillicothe Correctional Institution*, 78-0142-AD (1978). Here, plaintiff signed an inmate property record on August 29, 2017, and this record, as noted, indicates plaintiff did not contest the receipt of his property. Further, none of the items plaintiff listed in the complaint appear on plaintiff's property record except for one power strip. Plaintiff has failed to produce any evidence contrary to the property record which indicates the power strip was present at pack up. Further, it appears that plaintiff indicated receipt of all his property, including the power strip in question, on August 29, 2017."

{¶2} Accordingly, plaintiff Jose Velez's case was denied.

{¶3} On October 15, 2019, plaintiff filed a Motion for Court Review. On November 5, 2019, a judge of the Court of Claims issued an Entry Reversing Administrative Determination. The judge in reversing the deputy clerk's decision, in pertinent part, stated:

"In the deputy clerk's Entry of Administrative Determination, the deputy clerk stated, 'When an inmate signs a receipt stating defendant packed up all of his property and the inmate did not contest the fact of this receipt, he has failed to show the Department of Corrections was liable for the alleged property loss.' (Entry of Administrative Determination at ¶ 9). The deputy clerk found that, because plaintiff signed the sheet confirming that all of the personal property listed on the inventory form had been returned to him, he did not contest the receipt of the items plaintiff alleged were missing from the sheet. *Id.* However, the inmate property record shows that plaintiff refused to sign and confirm that all of the above listed items on the sheet were an accurate and complete inventory of all his personal property. Plaintiff only signed the form confirming the items listed on the sheet were returned to him, therefore, the court finds the clerk erred in finding that plaintiff failed to contest the receipt of all of his property. Accordingly, the deputy clerk's October 3, 2019 Entry of Administrative Determination is REVERSED, and this case is remanded to the deputy clerk for further proceedings."

{¶4} Plaintiff asserted the following property items were lost, after they came into possession of ODRC's agents: hair trimmers, $22.71; plastic jug, $2.25; two power strips, $22.60; legal work, $163.00; and commissary items, $207.54. Plaintiff seeks total damages of $418.10. It should be noted that plaintiff was not required to submit the $25.00 filing fee.

{¶5} Initially, it should be noted on the Inmate Property Record dated August 27, 2017, a shaver/trimmer and two power strips are listed. Plaintiff signed the Inmate Property Record on August 29, 2017, acknowledging the receipt of these items. Accordingly, plaintiff cannot be compensated for items he received.

"When prison authorities obtain possession of an inmate's property, a bailment relationship arises between the correctional facility and the inmate. *Buhrow v.*

*Department of Rehabilitation and Correction*, 85-01562-AD (1985); *Sallows v. Department of Correction*, 85-07773-AD (1986). A bailment is defined as a delivery of something * * * by one party to another, to be held according to the purpose or object of the delivery, and to be returned * * * when that purpose is accomplished. (Footnotes omitted.) 8 Ohio Jurisprudence 3d (1978), 401, Bailments, Section 2." *Bacote v. Ohio Department of Rehabilitation and Correction,* 61 Ohio Misc.2d 284, 578 N.E.2d 565 (Ct. of Cl. 1988). A bailment relationship was created when ODRC's agents packed plaintiff's property.

{¶6} By virtue of the bailment relationship, defendant must exercise ordinary care in handling and storing the property. *Buhrow; Sallows.* If property is lost or stolen while in defendant's possession, it is presumed, without evidence to the contrary, defendant failed to exercise ordinary care. *Merrick v. Department of Rehabilitation and Correction*, 85-05029-AD (1985); *Cox v. Southern Ohio Training Center*, 84-03740-AD (1986).

{¶7} It appears the remainder of plaintiff's property items were lost while under defendant's control. However, plaintiff has the burden to prove the amount of damages. *Walls v. Wildermuth*, 10th Dist. No. 98AP-400 (November 19, 1998).

{¶8} While plaintiff asserts that his legal work was valued at $163.00, plaintiff provides no support for this figure. The court will not rely on plaintiff's valuation of his property to prove damages. See *Dawson v. Ohio Department of Rehabilitation and Correction*, 2017-00587AD (2017) and *Canales v. Ohio Department of Rehabilitation and Correction*, 2019-00534-AD (2019) aff'd jud (2020).

{¶9} Plaintiff has proven, by a preponderance of the evidence, that he suffered the loss of his commissary items purchased shortly before he was placed in segregation. Plaintiff also suffered the loss of a plastic jug. Plaintiff's damages total $209.79.

Therefore, plaintiff is GRANTED judgment in the amount of $209.79.

| | |
|---|---|
| JOSE VELEZ | Case No. 2019-00053AD |
| Plaintiff | Deputy Clerk Daniel R. Borchert |
| v. | <u>ENTRY OF ADMINISTRATIVE</u><br><u>DETERMINATION</u> |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | |
| Defendant | |

{¶10} Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $209.79. Court costs are assessed against the defendant.


_____
DANIEL R. BORCHERT
Deputy Clerk

Filed 3/26/20
Sent to S.C. reporter 5/14/20