[Cite as *Feaster v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-3256.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| TYREE FEASTER | Case No. 2023-00175AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>MEMORANDUM DECISION</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} Tyree Feaster ("plaintiff"), an inmate, filed a complaint against defendant, Ohio Department of Rehabilitation and Correction ("ODRC"). Plaintiff related on November 12, 2021, at defendant's Grafton Correctional Institution ("GCI"), plaintiff's property was misplaced by corrections officers. Plaintiff alleges the following items are missing: one (1) ClearTunes TV, one (1) pair of Skullcandy earbuds with microphone, one (1) JP6 Tablet, one (1) pair of Timberland boots, one (1) PlayStation plug-in, two (2) fans, one (1) cable cord, two (2) hoodies, one (1) navy blanket, one (1) ClearTunes antenna.

{¶2} Plaintiff seeks damages in the amount of $864.70. Plaintiff was not required to submit the $25.00 filing fee.

{¶3} Defendant submitted an investigation report denying liability in this matter. Defendant states that plaintiff was transferred from GCI to Richland Correctional Institution ("RICI") in November of 2021. After arriving at RICI, plaintiff signed a 2055 form pack-up slip stating that the paper was a complete representation of his property. Later, plaintiff notified defendant that he was missing property from the transfer. Defendant informed plaintiff that he needed to file a grievance report. Plaintiff never did. Defendant asserts that because plaintiff signed two property forms, one while departing GCI and one upon arrival to RICI, plaintiff has failed to demonstrate that ODRC is liable for his lost property.

{¶4} To prevail in a claim for negligence, plaintiff must prove, by a preponderance of the evidence, that defendant owed plaintiff a duty, that defendant breached that duty, and that defendant's breach proximately caused plaintiff's damages. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 8 citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

{¶5} Whether a duty exists is a question of law to be decided by the court, while breach of such duty is a question of fact. *Snay v. Burr*, 167 Ohio St.3d, 2021-Ohio-4113, 189 N.E.3d 758 ¶ 14, citing *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989).

{¶6} "[Defendant] does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but it does have the duty to make reasonable attempts to protect such property. When prison authorities obtain possession of an inmate's property, a bailment relationship arises between the correctional facility and the inmate. By virtue of this relationship, [defendant] must exercise ordinary care in handling and storing an inmate's property. However, a correctional institution cannot be held liable for the loss of contraband property that an inmate has no right to possess." (Internal citations omitted.) *Triplett v. S. Ohio Corr. Facility*, 10th Dist. Franklin No. 06AP-1296, 2007-Ohio-2526, ¶ 7.

{¶7} This court has consistently held that "[i]f property is lost or stolen while in defendant's possession, it is presumed, without evidence to the contrary, defendant failed to exercise ordinary care." Internal citations omitted. *Velez v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2019-00053-AD, 2020-Ohio-2932, ¶ 6. However, "[p]laintiff's failure to prove delivery of [the property] to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property." Internal citations omitted. *Jones v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-09341-AD, 2006-Ohio-365, ¶ 10. Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish that defendant actually assumed control over the property. *Whiteside v. Orient Corr. Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455; *obj. overruled*, 2005-Ohio-5068.

{¶8}    Plaintiff has the burden of proving, by a preponderance of the evidence, that plaintiff suffered a loss and that this loss was proximately caused by defendant's negligence. *Coffman v. Mansfield Corr. Inst.*, 10th Dist. Franklin Co. No. 09AP-447, 2009-Ohio-5859, ¶ 9.

{¶9}    Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely a substantial factor in bringing about the harm. *Parks v. Ohio Dept. of Rehab. and Corr.*, Ct. of Cl. No. 1985-01546-AD (1985).

{¶10} To recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining plaintiff's claim. If plaintiff's evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, plaintiff fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.*, 161 Ohio St. 82, 118 N.E.2d 147 (1954).

{¶11} Plaintiff must produce evidence of ownership to establish damages. Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris*, 25 Ohio App.3d 42, 495 N.E.2d 462 (10th Dist. 1985). As the trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. S. Ohio Corr. Facility*, 61 Ohio Misc.2d 239, 577 N.E.2d 160 (Ct. of Cl. 1988).

{¶12} Reasonable certainty as to the amount of damages is required, which is that degree of certainty to which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. of Ohio*, 102 Ohio App.3d 782, 658 N.E.2d 31 (12th Dist. 1995). In a situation where damage assessment for personal property destruction or loss based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner. This determination considers such factors as value to the owner, original cost, replacement cost, salvage value, and fair market value at the time of the loss. *Cooper v. Feeney*, 34 Ohio App.3d 282, 518 N.E.2d 46 (12th Dist. 1986).

{¶13} The court finds that plaintiff has not proven ownership and/or provided receipts of the lost property.

{¶14} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The court is free to believe, or disbelieve, all

or any part of each witness' testimony.  *State v. Antill*, 176 Ohio St. 61, 197 N.E.2d 548 (1964).  The court finds plaintiff's statement not particularly persuasive.

{¶15}  Plaintiff signed two separate 2055 forms, both of which state: "I certify that the above listed items are a complete and accurate inventory of all my personal property." While there are discrepancies between the two signed forms, plaintiff did sign the forms and attest that it was an accurate inventory of the property at the time of signing.  Plaintiff was also instructed by defendant to file a grievance.  Plaintiff never did.  Additionally, plaintiff has not provided any receipts of the additional items claimed to be lost during the transfer.

{¶16}  Therefore, judgment is rendered in favor of defendant.

| | |
|---|---|
| TYREE FEASTER | Case No. 2023-00175AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>ENTRY OF ADMINISTRATIVE DETERMINATION</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶17}  Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

HOLLY TRUE SHAVER
Deputy Clerk