[Cite as *Carter v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-3163.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| EDWARD C. CARTER | Case No. 2023-00046AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>MEMORANDUM DECISION</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} Edward Carter ("plaintiff"), an inmate, filed a complaint against defendant, Ohio Department of Rehabilitation and Correction ("ODRC"). Plaintiff related on November 9, 2022, at defendant's Warren Correctional Institution ("WCI"), his cellmate stole several of his personal property items including: a lamp, a JP5 Player cord, a fan, a six-foot coaxial cable, Conair hair clippers, a thermal set, a sweatsuit, a pair of white Adidas shoes, a Cleartunes remote, a power strip, a pair of Pro25 headphones, and gym shorts.

{¶2} Plaintiff seeks damages in the amount of $2,500.00, including damages for mental and emotional anguish and punitive damages. Plaintiff was not required to submit the $25.00 filing fee.

{¶3} On May 22, 2023, plaintiff filed a motion titled "Summary Judgment Request". In his motion, plaintiff argued that because ODRC failed to file its investigation report in a timely manner, the court should "rule in 'default' in accordance to Ohio Revise Code 2743.12." The court will construe this motion as a motion for default judgment. On May 25, 2023, ODRC filed its investigation report. Pursuant to R.C. 2743.10(B), defendant is required to submit the investigation report within 60 days from the receipt of the form complaint. However, Civ.R. 55(D) states in pertinent part, "[n]o judgment by default shall be entered against this state * * * or agency * * * unless the claimant establishes his claim * * * by evidence satisfactory to the court." A default judgment

against the state may not be granted solely on procedural errors made by the defendant. Upon review, plaintiff's motion is DENIED.

{¶4}    Defendant submitted an investigation report denying liability in this matter. ODRC stated that on November 10, 2022, plaintiff reported the theft of his property by his new cellmate.  Defendant asserted that WCI staff conducted an investigation which determined that the theft occurred because plaintiff left his belongings unsecured.  ODRC stated that there was no evidence of WCI staff straying from the appropriate procedures with regard to plaintiff's property.  Finally, defendant asserted that it cannot be held liable for the theft because it was committed by another incarcerated person who was not an agent of defendant.

{¶5}    Plaintiff filed a response to defendant's investigation report reasserting his claim.

{¶6}    To prevail in a claim for negligence, plaintiff must prove, by a preponderance of the evidence, that defendant owed plaintiff a duty, that defendant breached that duty, and that defendant's breach proximately caused plaintiff's damages. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 8 citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

{¶7}    Whether a duty exists is a question of law to be decided by the court, while breach of such duty is a question of fact.  *Snay v. Burr*, 167 Ohio St.3d, 2021-Ohio-4113, 189 N.E.3d 758 ¶ 14, citing *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989).

{¶8}    "[Defendant] does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but it does have the duty to make reasonable attempts to protect such property.  When prison authorities obtain possession of an inmate's property, a bailment relationship arises between the correctional facility and the inmate.  By virtue of this relationship, [defendant] must exercise ordinary care in handling and storing an inmate's property.  However, a correctional institution cannot be held liable for the loss of contraband property that an inmate has no right to possess."  (Internal

citations omitted.)  *Triplett v. S. Ohio Corr. Facility*, 10th Dist. Franklin No. 06AP-1296, 2007-Ohio-2526, ¶ 7.

{¶9}    If property is lost or stolen while in defendant's possession, it is presumed, without evidence to the contrary, that defendant failed to exercise ordinary care.  *Merrick v. Ohio Dept. of Rehab. and Corr.*, Ct. of Cl. 85-05029-AD (1985); *Cox v. S. Ohio Training Ctr.*, Ct. of Cl. No. 1984-03740-AD (1986).  Further, plaintiff's failure to prove delivery of the property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property.  *Prunty v. Ohio Dept. of Rehab. and Corr.*, Ct. of Cl. No. 1986-02821-AD (1987).  Plaintiff cannot recover for property loss when plaintiff fails to produce sufficient evidence to establish that defendant actually assumed control over the property.  *Whiteside v. Orient Corr. Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455; *obj. overruled*, 2005-Ohio-5068.

{¶10}   Plaintiff has the burden of proving, by a preponderance of the evidence, that plaintiff suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State Univ.*, Ct. of Cl. No. 1976-0368-AD (1977).

{¶11}   Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely a substantial factor in bringing about the harm.  *Parks v. Ohio Dept. of Rehab. and Corr.*, Ct. of Cl. No. 1985-01546-AD (1985).

{¶12}  In addition, prison regulations, including those contained in the Ohio Administrative Code ("OAC"), "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates."  *State ex rel. Larkins v. Wilkinson*, 79 Ohio St.3d 477, 479, 683 N.E.2d 1139 (1997), citing *Sandlin v. Conner*, 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).  Moreover, this court has held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court.  A breach of internal regulations in itself does not constitute negligence."  *Williams v. Ohio Dept. of Rehab. and Corr.*, 67 Ohio Misc.2d 1, 3, 643 N.E.2d 1182 (10th Dist. 1993).  Accordingly, to the extent that plaintiff alleges that ODRC somehow violated internal prison regulations and the OAC, plaintiff fails to state a claim for relief.  *See Sharp v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2008- 02410-AD, 2008-Ohio-7064, ¶ 5.

**{¶13}** To recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining plaintiff's claim. If plaintiff's evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, plaintiff fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.*, 161 Ohio St. 82, 118 N.E.2d 147 (1954).

**{¶14}** The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness' testimony. *State v. Antill*, 176 Ohio St. 61, 197 N.E.2d 548 (1964). The court finds plaintiff's statement not particularly persuasive.

**{¶15}** Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. S. Ohio Corr. Facility*, Ct. of Cl. No. 78-0217-AD (1978).

**{¶16}** Here, plaintiff has failed to prove that defendant was in possession of his property at the time of loss, that the inmate who stole his property was an agent of defendant, or that defendant was negligent. Therefore, judgment is rendered in favor of defendant.

| | |
|---|---|
| EDWARD C. CARTER | Case No. 2023-00046AD |
|     Plaintiff | Deputy Clerk Holly True Shaver |
|     v. | <u>ENTRY OF ADMINISTRATIVE DETERMINATION</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
|     Defendant | |

{¶17}  Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
HOLLY TRUE SHAVER
Deputy Clerk

Filed 8/2/23
Sent to S.C. Reporter 9/7/23