[Cite as *Blodharn v. Dept. of Rehab. & Corr.*, 2024-Ohio-3277.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| HEATHEN BLODHARN | Case No. 2023-00218AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>MEMORANDUM DECISION</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

**{¶1}** This case is before the deputy clerk for a R.C. 2743.10 administrative determination. The deputy clerk determines that plaintiff should recover $417.50.

**Background**.

**{¶2}** Danny Warner, aka Heathen Blodharn ("plaintiff"), an inmate, is in the custody of defendant, Ohio Department of Rehabilitation and Correction ("ODRC"). Plaintiff was previously incarcerated in Montana but was transferred to Ohio pursuant to an interstate compact. Plaintiff was not required to submit the $25.00 filing fee.

**{¶3}** At the time of plaintiff's transfer, the Montana Department of Corrections took possession of his property, inventoried it, and sent it to ODRC. Some of that property was not returned to him once it arrived in Ohio. Plaintiff also alleges that ODRC later lost some of his legal documents and improperly deducted money from his inmate account. *Complaint*, filed March 17, 2023, ¶¶ 23-24, 40, 62, 70, 73; *Response to Investigation Report*, filed January 16, 2024, pp. 4-6.[1]

**{¶4}** Plaintiff filed this case, asserting a bevy of constitutional and statutory claims related to his transfer from Montana, but this court rejected all but his claims for lost property. Those property claims were transferred for administrative determination pursuant to R.C. 2743.10. *Decision*, rendered August 18, 2023.

---

[1] All references to specific pages of matters filed in this case are to the pages of the PDF files posted on the court's docket.

{¶5}   ODRC filed an investigation report based on the somewhat generalized property loss claims in plaintiff's complaint, but plaintiff's response provided significant additional detail regarding those claims.   ODRC was given the opportunity to file a supplemental investigation report to address that detail but did not do so. *Order*, entered January 23, 2024.  This case is therefore ripe for decision.

**Analysis.**

**{¶6}   Plaintiff is entitled to recover the value of some of the items of property he claims were lost.**

{¶7}   "When prison authorities obtain possession of an inmate's property, a bailment relationship arises between the correctional facility and the inmate." *Triplett v. S. Ohio Corr. Facility*, 10th Dist. Franklin No. 06AP-1296, 2007-Ohio-2526, ¶ 7. "By virtue of this relationship [they] must exercise ordinary care in handling and storing [the] property." *Id.*  Officials are presumed to violate that duty if they do not return property. *Bacote v. Ohio Dept. of Rehab. & Correction*, 61 Ohio Misc.2d 284, 286, 578 N.E.2d 565 (Ct. of Cl.1988); *Armor v. N. Cent. Corr. Inst.*, 91 Ohio Misc.2d 54, 56, 697 N.E.2d 285 (Ct. of Cl.1997).  An inmate must prove that he owned the property, that it was entrusted to ODRC, that the property was not returned, and the missing property's value to recover. An inmate's credible testimony regarding the value of his property can establish its value if that testimony is not challenged or rebutted.  *Gaiter v. Lima Corr. Facility*, 61 Ohio Misc.2d 293, 295, 578 N.E.2d 895 (Ct. of Cl.1988).  Accord, *Richmond v. Gerard*, 10th Dist. Franklin No. 95APE06-738, 1996 Ohio App. LEXIS 1043 (Mar. 19, 1996), \*\*5-7 (court accepts owner's unrebutted testimony of the value of lost property); *Sullivan v. Morgan*, 10th Dist. Franklin No. 93AP-747, 1994 Ohio App. LEXIS 1197 (Mar. 24, 1994), \*12 (same).

{¶8}   The facts supporting a property claim must be proven by a preponderance of the evidence.  *Carter v. Ohio Dept. of Rehab. & Correction*, Ct. of Cl. No. 2023-00046AD, 2023-Ohio-3163, ¶ 10.   "Preponderance of the evidence simply means evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it."  *AC Asset, L.L.C. v. Mitchell*, 8th Dist. Cuyahoga No. 110818, 2022-Ohio-1763, ¶ 30 (authorities and internal punctuation omitted).   "The credibility of witnesses and the weight attributable to their testimony are primarily matters for" the

deputy clerk as the trier of fact. *Lister v. London Corr. Inst.*, Ct. of Cl. No. 2009-06524-AD, 2009-Ohio-7185, ¶ 13.

{¶9}   Plaintiff proved ownership of the following property through the inventory form prepared by the Montana Department of Corrections. He produced unrebutted affidavit testimony that ODRC received his property from Montana in sealed boxes. That establishes plaintiff's ownership of the property and ODRC's custody of it. He was also provided unrebutted affidavit testimony establishing that the following property was not returned to him and its value:

| Property | Value[2] |
|---|---|
| TV | $150.00[3] |
| Weightlifting gloves | $5.00 |
| 2 grey sweatpants | $17.50[4] |
| 2 sweatshirts | $35.00 |
| clock radio | $15.00 |
| Battery charger/11 batteries | $60.00 |
| Book: *Epic Hero* | $15.00 |
| Book: *The Wise Man's Fear* | $10.00 |
| Book: *Mass Incarceration on Trial* | $10.00 |
| Book: *The Red Book* | $75.00 |
| Book: *Walk With Our Ancestors* | $25.00 |
| **Total** | **$417.50** |

{¶10}   Plaintiff's claims regarding other items of lost property, other than the lost legal documents, fail for want of credible proof of either ownership or value; they do not appear on the Montana inventory and/or plaintiff provided no evidence of their value. See *Armor v. N. Cent. Corr. Inst.*, 91 Ohio Misc.2d 54, 56, 697 N.E.2d 285 (Ct. of Cl.1997) (recovery limited to items listed on property inventory); *Velez v. Ohio Dept. of Rehab. &*

---

[2] *Response to Investigation Report*, p. 5, ¶ 9.
[3] Plaintiff's affidavit references a $150 TV twice. The deputy clerk assumes that is a duplication. In any event, the Montana inventory only lists one TV, and inmates generally may not recover lost property not listed on an inventory. *Armor v. N. Cent. Corr. Inst.*, 91 Ohio Misc.2d 54, 56, 697 N.E.2d 285 (Ct. of Cl.1997).
[4] Although plaintiff's evidence fixes the combined value of these two sets of sweatpants at $35.00, the Inventory taken by the Montana Department of Corrections only listed one pair. The amount awarded is based on one half of the value of the two pairs.

*Correction*, Ct. of Cl. No. 2019-00053AD, 2020-Ohio-2932, ¶ 7 (inmate must prove value of lost item to recover).  Plaintiff's claim for lost legal documents fail because he did not establish the value of those documents; he did not sufficiently describe the documents to provide credible evidence of their value.

**{¶11}  Plaintiff's claims for wrongful deduction of funds are beyond this court's jurisdiction.**

{¶12}  An inmate's "claim for reimbursement of funds that were allegedly wrongfully collected by [ODRC], is a claim for purely equitable relief over which the court lacks jurisdiction."  *Smith v. Ohio Dept. of Rehab. & Correction*, Ct. of Cl. No. 2019-00538AD, 2019-Ohio-5512, ¶ 11.

**{¶13}  Plaintiff's April 22, 2024 motion for expedited determination.**

{¶14}  On April 22, 2024, plaintiff filed a motion for an expedited determination. Inasmuch as the court has addressed plaintiff's complaint in this memorandum decision, plaintiff's April 22, 2024 motion is DENIED as moot.

| | |
|---|---|
| HEATHEN BLODHARN | Case No. 2023-00218AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>ENTRY OF ADMINISTRATIVE DETERMINATION</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶15}  Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $417.50.  Plaintiff's April 22, 2024 motion is DENIED as moot.  Court costs are assessed against Defendant.

HOLLY TRUE SHAVER
Deputy Clerk

Filed 4/25/24
Sent to S.C. Reporter 8/27/24