[Cite as *Cook v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-3228.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| DENNIS COOK | Case No. 2025-00145AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>MEMORANDUM DECISION</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} Dennis Cook ("plaintiff"), an inmate, filed a complaint against defendant, Ohio Department of Rehabilitation and Correction ("ODRC"). Plaintiff related on August 3, 2024, at defendant's Ross Correctional Institution, plaintiff was moved to restrictive housing. Plaintiff alleges that he was not present for the pack up of his personal property and when he received his pack-up report he noticed much of his personal property was unaccounted for. Plaintiff states the following items were lost due to defendant's negligence: one (1) 6' Universal audio cable, two (2) surge protectors, two (2) beard trimmers, one (1) bottle of oil, one (1) Everlast mouthpiece, one (1) handheld gaming console, one (1) pillow, and one A/C adapter.

{¶2} Plaintiff seeks damages in the amount of $124.03. Plaintiff was not required to submit the $25.00 filing fee.

{¶3} Defendant submitted an investigation report denying liability in this matter. Defendant states that plaintiff failed to provide any evidence that plaintiff possessed the items allegedly lost or stolen at the time of the incident. Additionally, defendant refutes plaintiff's argument that he was not present for his pack up. Defendant states that plaintiff was present for the pack-up dated August 3, 2024, and notes that plaintiff signed the pack-up slip, acknowledging at the time, via his signature, that the pack-up report was a complete and accurate inventory of his personal property.

{¶4} Plaintiff filed a reply reasserting his arguments. Plaintiff additionally argues that his property was packed up by another inmate and states that the property sheet

should be weighed in his favor as other pack-up reports note the missing items. Plaintiff did not provide any additional pack-up reports or receipts to demonstrate ownership or possession at the time of the incident.

{¶5} To prevail in a claim for negligence, plaintiff must prove, by a preponderance of the evidence, that defendant owed plaintiff a duty, that defendant breached that duty, and that defendant's breach proximately caused plaintiff's damages. *Armstrong v. Best Buy Co., Inc.*, 2003-Ohio-2573, ¶ 8, citing *Menifee v. Ohio Welding Prod., Inc.*, 15 Ohio St.3d 75, 77 (1984).

{¶6} Whether a duty exists is a question of law to be decided by the court, while breach of such duty is a question of fact. *Snay v. Burr*, 2021-Ohio-4113, ¶ 14, citing *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989).

{¶7} "[Defendant] does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but it does have the duty to make reasonable attempts to protect such property. When prison authorities obtain possession of an inmate's property, a bailment relationship arises between the correctional facility and the inmate. By virtue of this relationship, [defendant] must exercise ordinary care in handling and storing an inmate's property. However, a correctional institution cannot be held liable for the loss of contraband property that an inmate has no right to possess." (Internal citations omitted.) *Triplett v. S. Ohio Corr. Facility*, 2007-Ohio-2526, ¶ 7 (10th Dist.).

{¶8} This court has consistently held that "[i]f property is lost or stolen while in defendant's possession, it is presumed, without evidence to the contrary, defendant failed to exercise ordinary care." Internal citations omitted. *Velez v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-2932 (Ct. of Cl.), ¶ 6. However, "[p]laintiff's failure to prove delivery of [the property] to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property." Internal citations omitted. *Jones v. Ohio Dept. of Rehab. & Corr.*, 2006-Ohio-365 (Ct. of Cl.), ¶ 10. Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish that defendant actually assumed control over the property. *Whiteside v. Orient Corr. Inst.*, 2005-Ohio-4455 (Ct. of Cl.), *obj. overruled*, 2005-Ohio-5068.

{¶9} To recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining plaintiff's claim. If plaintiff's

evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, plaintiff fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.*, 161 Ohio St. 82 (1954).

{¶10} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. The court is free to believe, or disbelieve, all or any part of each witness's testimony. *State v. Antill*, 176 Ohio St. 61 (1964). The court finds plaintiff's statement not particularly persuasive.

{¶11} On August 3, 2024, plaintiff's personal property was allegedly packed up by another inmate. However, plaintiff provides no evidence to substantiate his claim and defendant's investigation report notes the opposite, that plaintiff's property was packed up in his presence by defendant's employees. The pack-up report dated August 3, 2024 bears plaintiff's signature and states "I certify that the above listed items are a complete and accurate inventory of all my personal property." In signing the pack-up reports, plaintiff agreed that the pack-ups were an accurate representation of his property. If plaintiff's property was improperly packed up, stolen, lost, and/or destroyed, plaintiff did not raise the issue when he attested that the pack-up slips were accurate and complete.

{¶12} Therefore, judgment is rendered in favor of defendant.

| | |
|---|---|
| DENNIS COOK | Case No. 2025-00145AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>ENTRY OF ADMINISTRATIVE DETERMINATION</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶13} Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

HOLLY TRUE SHAVER
Deputy Clerk

Filed 8/13/25
Sent to S.C. Reporter 9/9/25